(110 App. Div. 592)

### BURNS v. DELAWARE & HUDSON CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. RAILROADS—OBSTRUCTION OF CROSSING—FRIGHTENING HORSES—QUESTION FOR JURY.

Defendant's locomotive while standing at a station extended part way into an intersecting street, where it remained for more than five minutes in violation of Pen. Code, § 421, providing that any employé of a corporation in charge of a locomotive who "shall willfully obstruct a highway crossing" therewith for more than five consecutive minutes shall be guilty of a misdemeanor. Plaintiff was working in the street, when a horse and wagon approached rapidly, and the driver being signaled to cross in front of the engine, the horse became frightened, and ran against plaintiff, causing the injuries complained of. *Held*, that whether the engine willfully obstructed the street, and whether such obstruction caused the injury were questions for the jury, and it was therefore error for the court to permit a recovery based on the mere fact that the engine had extended some distance beyond the street line for more than five minutes, etc.

**2. SAME.**

It is not negligence, as a matter of law, for a railroad company to permit an engine standing at a station to extend slightly over the street line for a longer period than five consecutive minutes.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 760.]

**3. SAME.**

Where a horse approaching a railroad crossing very rapidly was frightened by an engine which was standing some distance into the street, and by reason of such fright ran against and injured plaintiff, the length of time that the engine had been standing there before the horse came up was immaterial.

**4. APPEAL AND ERROR—EXCEPTIONS—SUFFICIENCY.**

Where at the close of the trial defendant excepted to that part of the charge in which the court stated that if defendant's engine extended into a certain street for more than five minutes the jury might find defendant was guilty of negligence, explaining that the exception was taken to the submission of that question to the jury, and the court replied that an exception would be allowed to whatever had been said on that subject, the exception was sufficiently definite.

Appeal from Trial Term.

Action by Peter Burns against the Delaware & Hudson Company. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Lewis E. Carr, for appellant.

C. B. Wellington, for respondent.

JOHN M. KELLOGG, J. At Troy, the defendant and several other railroad companies used the Troy Union Railroad Company's passenger station, that company having control of the station and tracks and the direction and dictation of the movement of trains into and out of the station, and the place they shall occupy, and the time when they shall enter and leave the station. The station occupied the entire space between Fulton street and Broadway, and there were seven of its tracks running through the station and across Fulton street. The defendant's engine, with a passenger train attached, was in the station to receive passengers for its trip north at 5 o'clock, and took its position in the station at the time and place required by the station company, and occupied the whole space from Broadway north, the pilot of its engine extending over the line of Fulton street and into the street, some of the witnesses say 4, 5 and 6 feet, and some say half-way across the street. The street was 60 feet wide, of which 12½ feet was sidewalk on either side, and the remaining 35 feet was the traveled portion of the street; the whole street was planked; there was no curb, and nothing really to distinguish between the sidewalk and the roadway itself. The defendant's train occupied track No. 3; the Boston & Maine train, of great length, was preparing to leave the station, but was in two parts, the engine and some of the cars being on track No. 6, the other cars upon track No. 4, and its engine also extended some distance into Fulton street. The plaintiff was working in Fulton street on track No. 7, with his face somewhat towards the defendant's engine, but looking down at his work. A horse and wagon approached rapidly

along Fulton street, coming towards the plaintiff, and the station company's flagman signaled the driver to come on, and he drove rapidly in front of the defendant's engine, the horse was frightened; ran against the plaintiff and injured him, and he seeks to recover damages therefor from the defendant.

The court charged the jury that there might be a recovery if the automatic air pressure was not properly controlled and thus caused the fright, or if the horse was frightened at the engine and it had remained in the street for over five minutes. It is only necessary to consider the latter subject, as the charge, which was properly excepted to, did not present that matter correctly to the jury. The court at first states that the plaintiff claims one act of negligence is "by permitting the engine .to stand in a public street for an unreasonable length of time, for a time to exceed five minutes," and later, "I will later charge you as to the effect of permitting his engine to stay over the five minute limit," and later, "As I said before with regard to the engine, if you find that this engine stood in this street to exceed five minutes, and that its presence there was unreasonable, and you may assume that it was unreasonable because of the terms of this statute, and that this horse took fright because of the presence of this engine in the street, and that that fact was the cause of this injury, then you may find that the defendant was guilty of negligence upon that account, and render a verdict in favor of the plaintiff." And later: "Was the defendant negligent in the operation of its air compressor? Or, was it negligent from having this engine standing in this road to exceed five minutes? If you find that it stood there for less than five minutes you are not warranted, and I charge you that you must not find it guilty of negligence because of that."

At the close of the charge the following took place between the court and the appellants' counsel:

"Mr. Carr: I also except to that part of your honor's charge in which you say if the engine was there more than five minutes then you may find that the defendant was guilty of negligence. Of course I haven't said it all, but it is what your honor said in that connection. It is the submission of that question to the jury to find as a fact that the company was guilty of negligence assuming the engine was there for more than five minutes. The Court: Whatever I said on that subject I give you an exception to."

The court evidently had in mind the provision of Pen. Code, § 421, which provides that:

"Any officer or employé of a corporation, in charge of a locomotive, train or car, who shall wilfully obstruct, or cause to be obstructed, any farm or highway crossing with any locomotive, train or car, for a longer period than five consecutive minutes is guilty of a misdemeanor."

The engine was concededly over the street line and in the street for some distance at least, and had been there over five minutes. There was clearly enough room remaining in the street for the passage of an ordinary vehicle in front of the engine. Viewing the matter in its most favorable light to the plaintiff, there is a question of fact to be submitted to the jury whether this engine obstructed the street and whether it was a willful obstruction, and whether such obstruction caused the injury. The charge as made permitted a recovery from the mere fact that the engine extended some distance beyond the street

line and into the street and remained there for five minutes, and that the horse was frightened by the engine without regard to the distance the engine extended into the street or how much it obstructed the street, whether it was done willfully or not, or whether such obstruction caused the injury, overlooking entirely the requirement of the statute that the street must be willfully obstructed. It does not definitely appear just when this accident took place. It happened sometime between 4 and 5 o'clock The train was to leave for the north at 5 o'clock. If the accident took place within five minutes of that time, no matter how long the engine had remained there before that, its presence there then was proper, as the train had the right to remain at the station a reasonable time before the time of its departure to receive its passengers, and it is inconceivable how the presence of the engine upon the street for a period of time before that could affect the case.

As matter of law it cannot be said that an engine extending into the street as this engine did was negligence of the defendant. Vandewater v. N. Y. & N. E. R. R. Co., 135 N. Y. 583, 32 N. E. 636, 18 L. R. A. 771; Petrie v. N. Y. C. & H. R. R. Co., 66 Hun, 282, 21 N. Y Supp. 159; Scaggs v. President, etc., D. & H. Co., 145 N. Y. 201, 39 N. E. 716.

The provision of the Penal Code does not purport to charge a duty upon the company, but punishes the train officials for a willful violation of the section. If an engine remains in a public street in violation of this statute, that fact, with other circumstances, may tend to show that the defendant is negligently occupying the public street. The violation of a statute may be shown as a fact tending to establish negligence, but its mere violation by the engine crew does not make the railroad company liable for everything that happens at the time of the violation; to charge it with liability the facts making the violation must cause the injury, and here when a horse is being rapidly driven across a railroad track and becomes frightened by an engine standing there and runs against the plaintiff, it is difficult to see how the injury is caused or contributed to by the fact that the engine had remained in that position for over five minutes before the horse come in sight. In this case, if the engine had arrived at the street just as the horse was crossing, the accident would have happened in the same way, but no liability could then be claimed, and it must be quite immaterial how long the engine had been standing there before the horse came up. In Laible v. N. Y. C. & H. R. R. Co., 13 App. Div. 574, 43 N. Y. Supp. 1003; Id., 162 N. Y. 622, 57 N. E. 1114—the freight train had blocked the crossing for 20 minutes, detaining the plaintiff's restless horse there for that time, and the horse finally became frightened and the accident occurred. Different trains of the defendant were upon three sides of the plaintiff and hemmed her in, and the position was dangerous. There it was held a question of fact for the jury whether or not the unreasonable time the train blocked the street was negligence and contributed to and brought about the accident. Here the presence of the engine the moment the horse approached caused the trouble; its presence for five minutes before had no effect on the horse.

It cannot be said that counsel was required to call the attention of the court to the matters more particularly, for by the colloquy between them it is evident that the court fully understood the counsel, and had in mind the charge made.    The exception is therefore well taken.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.    All concur.