SARAH PASCAL, Respondent, Appellant, v. HYMAN PASCAL and Another, Respondents, and THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order against defendant railroad company reversed on the law and the facts, with costs, and complaint dismissed as to said defendant, with costs. Judgment and order in favor of individual defendants reversed on the facts and new trial granted, with costs to the appellant to abide the event. Memorandum: The record discloses no actionable negligence on the part of the New York Central Railroad Company. Its train was occupying the crossing at the time of the accident for a lawful purpose and it had provided the warning signs required by sections 53 and 53-a of the Railroad Law. Additional warning it was not required to give. Notwithstanding the fact that it was dark, foggy, misty and rainy at the time of the collision, the employees of the railroad company had a right to assume that a prudent traveler would not drive an automobile into the side of a standing train. (*Dolan* v. *Bremner*, 220 Iowa, 1143; 263 N. W. 798; *Bowers* v. *Great Northern R. Co.*, 65 N. D. 384; 259 N. W. 99; *Scott* v. *D., L. & W. R. R. Co.*, 222 App. Div. 409; *Killen* v. *New York Central Railroad Co.*, 225 id. 8; *Fearman* v. *New York Central Railroad Co.*, 231 id. 794; affd., 256 N. Y. 622.) The verdicts of no cause for action in favor of the driver and owner of the automobile are not only against the clear weight of the evidence in the record before us but are inconsistent with any rational view of the evidence. All concur. (One judgment is for plaintiff against defendant railroad company; the order denies defendant's motion for a new trial. The other judgment is in favor of defendants Pascal; the order denies plaintiff's motion for a new trial. The action is for damages for personal injuries sustained by reason of an automobile colliding with a freight train.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

OLGA WIENER PASCAL, Respondent, Appellant, v. HYMAN PASCAL and Another, Respondents, and THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

ANTONIO GROSSO, Respondent, v. BENJAMIN E. TILTON, as Trustee of NEW YORK STATE RAILWAYS, Debtor, Appellant.— Order reversed on the facts, with costs, and motion denied and verdict reinstated, with ten dollars costs. Memorandum: The plaintiff's motion for a new trial upon the ground of newly-discovered evidence is based upon the affidavits of three persons. As to two of them it does not appear that their evidence could not have been discovered before the trial. As to the third one, Mary Bishop, the affidavits show that plaintiff could not have learned before the trial that she was willing to give testimony in his favor. However, in view of the overwhelming evidence on the trial in favor of the defendant, it is not probable that the testimony of Mary Bishop, supplemented by the testimony of the other two new witnesses would be sufficient to produce upon a new trial a different result than was attained on the first trial. All concur. (The order sets aside the verdict of a jury in favor of defendant and grants a new trial on the ground of newly-discovered evidence, in a railway negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

ROCCO GROSSO, Respondent, v. BENJAMIN E. TILTON, as Trustee of NEW YORK STATE RAILWAYS, Debtor, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.