THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE ANGELET, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— All concur. (Appeal from an order dismissing a writ of habeas corpus and remanding relator to the custody of defendant.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ. [See *post*, p. 976.]

WILLIAM MULDOON, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.— Memorandum: The question of whether defendant's train was standing upon the crossing as the plaintiff's automobile approached was sharply contested. The evidence disclosed that the crossing was provided with the warning signs required by sections 53 and 53-a of the Railroad Law. Under such circumstances, we feel the court was in error in refusing to charge, at defendant's request, "that if the jury found that the defendant's train was standing on the Columbus Street crossing at the time of the accident and was occupying the crossing at that time for a lawful purpose, then their verdict must be one of no cause of action". (See *Pascal* v. *Pascal*, 254 App. Div. 807.) All concur. (Appeal from a judgment for plaintiff in a railroad negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

MARGARET J. PARKINSON, Respondent, v. SYRACUSE TRANSIT CORPORATION, Appellant.—

Memorandum: Evidence of prior accidents, involving the driver, to establish negligence of the driver at the time of this accident would be incompetent. Proof of the fact that defendant knew of prior accidents of the driver, absent proof of the driver's negligence on this occasion, would not make out a case for the plaintiff. An examination as to the training and experience of the driver will amply disclose his competency or incompetency to operate a bus. All concur. (Appeal from an order granting plaintiff's motion for an examination before trial of defendant, and directing defendant to produce certain books and papers.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

CLIFFORD DORNAN, Suing for Himself and for All Others Similarly Situated, as Holders of Preferred Capital Stock of Financial Institutions, Incorporated, Respondent, v. WOLCOTT J. HUMPHREY, Individually and as Director and President of Financial Institutions, Incorporated, et al., Appellants.—

Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 278 App. Div. 1010.]