■ IRVING H. LESSEN, Respondent, v. PHILIP MARDON et al., Appellants. — Judgment affirmed, with costs. All concur. (Appeal from a judgment of Onondaga Supreme Court, for plaintiff in an action to reform a retainer agreement.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ ANTHONY B. PIAZZA, Appellant, v. EMMA H. CASTOR et al., Respondents. — Judgments and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, upon the ground that the verdicts against the plaintiff and in favor of the defendants are against the weight of evidence. All concur. (Appeals by plaintiff from three judgments of Onondaga Trial Term, for all defendants for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) ;Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ FLOYD J. WILSON, Appellant, v. LEOTA B. WILSON, Respondent. — Amended order modified in accordance with the memorandum and as modified is, together with the order affirmed, with $10 costs and disbursements to the defendant. Memorandum: In view of the relief demanded in the complaint it is doubtful if plaintiff had the right to move for summary judgment. Moreover, the answer and answering affidavits raise factual issues that must await trial. Special Term correctly denied plaintiff's motion. Its attempt to decide one of the legal questions presented is not authorized under rule 113 of the Rules of Civil Practice because the presence of other factual issues prevented the implementation of its decision by directing an assessment of damages. The amended order appealed from is modified by striking from the ordering paragraph all of the contents thereof except the words " that plaintiff's motion for summary judgment be and the same is hereby denied." All concur. (Appeal from an order and amended order of Ontario Special Term denying plaintiff's motion for summary judgment.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ LOUISE M. SCHIFFMACHER et al., Respondents, v. NIAGARA FRONTIER TRANSIT SYSTEM, Appellant.— Order modified in accordance with the memorandum and as modified affirmed, with $10 costs and disbursements. Memorandum: The adverse party to be examined is the corporation and not its vice-president and general manager in his individual capacity. As a general rule, the corporation may produce those officers, agents or employees having knowledge of the facts under inquiry. (*United States Overseas Airlines* v. *Cox*, 283 App. Div. 31, 32 [1953].) Respondent failed to show that drawings and blueprints of the bus as a whole are material and necessary and hence the examination is limited to those items showing the door mechanisms and safety devices relating thereto. In all other respects the order below was proper. (*Parkinson* v. *Syracuse Transit Corp.*, 279 App. Div. 848 [1952].) There is no foundation in the record for granting appellant's request to examine respondent, but this affirmance is without prejudice to its right to move hereafter for such examination. All concur. (Appeal from an order of Erie Special Term granting a motion by plaintiffs to examine an officer and employee of defendant before trial.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.