SAMUEL KILLEN, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, December 18, 1928.

*Harris, Beach, Harris & Matson* [*C. N. Whitman* of counsel], for the appellant.

*Archibald M. Little,* for the respondent.

SAWYER, J.   At about four-thirty o'clock in the morning of February 28, 1925, an engine drawing one of defendant's freight trains became disabled by the clogging of the automatic stoker, a stone of considerable size having passed into one of its conveyor worms and prevented it from turning.   To repair same it became necessary to bring the train to a standstill and when done the engine rested about 2,000 feet easterly from the West Henrietta road in the town of Brighton and the rear of the train extended westerly therefrom for about eleven car lengths.   One of its cars, an iron gondola, stood astride the road crossing and was crashed into by an automobile, driven by one Clark, in which plaintiff was a passenger.   Suing to recover for his injuries sustained in the collision, he has a verdict founded on the theory of defendant's negligence and his freedom therefrom.

The negligence alleged against defendant consists in having permitted its train to obstruct the crossing for more than five minutes and also in having omitted to protect the crossing by gates or suitable lights or other warning signals.   Section 1985 of the Penal Law to which our attention is called has no bearing on the defendant's negligence.   That section does not charge a duty upon the railroad itself and goes no further than to penalize its employees for a willful violation of its prohibition.   (*Burns* v. *Delaware & Hudson Co.,* 110 App. Div. 592; 116 id. 111.)   Negligent obstruction of a highway is determined, not from statutory enactment, but by whether, under all the circumstances, it was reasonable or otherwise.   (*Laible* v. *N. Y. Cent. & H. R. R. R. Co.,* 13 App. Div. 574; affd., 162 N. Y. 621.)   Having this rule in mind it seems to us to be immaterial whether at the time of the accident this train had blocked the West Henrietta road crossing fifteen minutes, as claimed by plaintiff, or only five, as asserted by defendant.

It is undisputed that the train was not stopped willfully but to enable necessary repairs to be made to its machinery; that such repairs were made with due diligence and that they were not completed when the accident happened.   Under those circumstances a finding that defendant negligently obstructed the highway crossing cannot be sustained.

This accident occurred on a country highway and at a time when

such roads ordinarily carry but little traffic. Approaching the crossing there was a clear view ahead for a considerable distance. It was protected by the ordinary crossing sign and by a disc sign placed about 300 feet away. It would naturally be expected that the driver of a properly lighted automobile, alert for his safety, would observe these signs and see the freight cars on the track in ample time to avoid striking them. There was nothing about the situation that appeared to demand from defendant unusual precautions. Such accidents, while not unknown, are uncommon and under the circumstances here existing it cannot be held that one should have reasonably been anticipated.

It is suggested that the crossing should have been guarded by gates or that a person with a lantern should have been stationed in the highway to warn oncoming automobiles that the crossing was occupied. The question of gates may be dismissed; no legal duty to maintain gates at this particular highway crossing is shown (Railroad Law, § 53, as amd. by Laws of 1924, chap. 395), nor is it, so far as appears, different from hundreds of other highway crossings in the open country where ordinary prudence is not thought to demand the maintenance of gates. Neither did the duty imposed on defendant require so unusual a precaution as the posting in the highway of men with lanterns to give warning to approaching automobilists. Conceivably a similar situation where that and perhaps other extraordinary precautions were demanded might arise, but this is not such a one. Here there is nothing to indicate that the condition created at the crossing by the standing train was especially hazardous and defendant was not bound to anticipate so uncommon an accident. We are of the opinion that the facts do not sustain a finding of actionable negligence against defendant and in this we are supported by authority in both the Third and Fourth Departments. (*Scott* v. *Delaware, Lackawanna & Western R. R. Co.*, 222 App. Div. 409; *Beach* v. *Delaware, Lackawanna & Western R. R. Co.*, 162 id. 928.) Plaintiff's freedom from contributory negligence is not without doubt, but in view of our conclusion that no actionable negligence of defendant is shown, we do not attempt consideration of that question.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

All concur, except CROUCH, J., who dissents and votes for affirmance. Present — CLARK, SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.