(October 15, 1990)

■ MICHAEL ADAMKO et al., Appellants, v MARK STEINBERG et al., Respondents. (Action No. 1.) JACQUELINE BOND et al., Appellants, v MARK STEINBERG et al., Respondents. (Action No. 2.)—In two related actions to recover damages for personal injuries sustained in a motor vehicle accident, which were tried jointly, (1) Michael Adamko and Nancy Bond, the plaintiffs in action No. 1, appeal from a judgment of the

Supreme Court, Suffolk County (Baisley, J.), dated November 25, 1988, which, after a jury trial, dismissed the complaint with prejudice and (2) Jacqueline Bond and Nancy Bond the plaintiffs in action No. 2, appeal from a judgment of the same court, also dated November 25, 1985, which, after a jury trial, dismissed the complaint.

Ordered that the judgments are affirmed, with one bill of costs.

The actions at bar arose out of a two-car automobile collision. Contrary to the plaintiffs' contention, the trial court did not display any bias or prejudice in its conduct of the trial. The court applied its evidentiary rulings evenhandedly and without any indication of partiality (see, LaMotta v City of New York, 130 AD2d 627). The court properly prohibited counsel from delving into the hearsay remarks made by one of the car's occupants and, while brief allusions to those remarks were made in the defense summation, the court properly instructed the jury that the arguments of counsel were not evidence.

Contrary to the plaintiffs' contentions, the missing witness charge given to the jury with respect to the then-16-year-old Richard Bond, who was present in plaintiff Nancy Bond's automobile when the accident occurred, properly apprised the jury of the factors it was to consider before it could permissibly draw a negative inference against the plaintiff. Further, the record reflects that the court responded meaningfully to the requests by the jury for portions of the testimony to be reread and did not influence the jury as to what portions of the trial were to be read back.

We have examined the plaintiffs' numerous other claims of alleged improprieties in the court's conduct and conclude that the plaintiffs' allegations are either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.