■ GERTRUDE L. MERENDA, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant, et al., Defendant. [670 NYS2d 869]

—In an action to recover damages for personal injuries, the defendant Consolidated Rail Corporation appeals (1) from an order of the Supreme Court, Orange County (Silverman, J.), dated April 15, 1993, which denied its motion for summary judgment dismissing the complaint, (2), as limited by its brief, from so much of an order of the same court, dated December 15, 1993, as, upon reargument, adhered to the original determination, (3), as limited by its brief, from so much of an order of the same court (Sherwood, J.), dated May 24, 1996, as, upon a jury verdict, after a bifurcated trial, denied its motion to set aside so much of the verdict as found it 100% at fault in the happening of the accident and awarded damages, (4), as limited by its brief, from so much of an order of the same court (Sherwood, J.), dated June 7, 1996, as, after a hearing pursuant to CPLR 4545, declined to reduce the award by certain collateral sources, and (5) from a judgment of the same court (Sherwood, J.), entered September 16, 1996, which was in favor of the plaintiff and against it in the principal sum of $2,286,800.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and a new trial is granted in accordance herewith, with costs to abide the event.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On the evening of February 6, 1991, the plaintiff was injured when the car she was driving collided with a train owned by the defendant Consolidated Rail Corporation (hereinafter Conrail) and operated by the defendant John Moore. The accident occurred at a railroad crossing located on Route 94 in Orange County which was not required to be guarded by gates or automatic signals (*see,* Railroad Law § 53).

Viewing the evidence in a light most favorable to the plaintiff (*see, Mirand v City of New York,* 84 NY2d 44, 50; *Alexander v Eldred,* 63 NY2d 460, 464), there was sufficient evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499) from which the jury could find that Conrail was negligent for failing to provide an appropriate warning that the train was approaching the railroad crossing (*see, Latourelle v New York Cent. R. R. Co.,* 301 NY 103, 108; *Vandewater v New York & New England R. R. Co.,* 135 NY 583, 588; *see also, Hessner v Delaware &*

*Hudson Ry. Co.,* 38 NY2d 906, 907; *Baker v Lehigh Val. R. R. Co.,* 248 NY 131, 136) and that its negligence was a proximate cause of the accident. However, it was error for the Supreme Court to deny Conrail's motion pursuant to CPLR 4404 to set aside the verdict and grant a new trial on the issues of liability and damages. Under the facts of this case, the verdict finding Conrail liable and Moore, the train operator, not liable in the happening of the accident, is against the weight of the evidence (*cf., Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787).

Reversal is also required because the trial court, over Conrail's objection, improperly conformed the jury's responses to the interrogatories to reflect that Conrail was solely liable for the accident. The jury found that Moore was negligent, but that his negligence was not a proximate cause of the accident. Yet, it apportioned Moore's liability at five percent. Because of these inconsistent findings, the court should have resubmitted the issue to the jury for further deliberations (*see,* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40; *Vera v Bielomatik Corp.,* 199 AD2d 132).

Further, reversal is required because the trial court refused to charge the jury on the "standing car" or "occupied crossing" rule. That rule provides that when a train is lawfully occupying a railroad crossing which is adequately marked with signs, there is no duty on the part of the railroad to provide an additional warning to motorists on the highway in order to avoid a collision (*see, Pascal v Pascal,* 254 App Div 807; *Killen v New York Cent. R. R. Co.,* 225 App Div 8; *see also, Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 240; *Muldoon v Lehigh Val. R. R. Co.,* 279 App Div 848). The lack of any duty to provide additional warnings is based on the assumption that a large train car "is of itself sufficient notice of its presence and that the highway is obstructed" (*Scott v Delaware, Lackawanna & W. R. R. Co.,* 222 App Div 409, 411; *see also, Bertrand v Delaware & Hudson R. R. Corp.,* 267 App Div 228, 232; *Pascal v Pascal, supra*). In such a case, an action should be dismissed because the railroad has not committed any actionable negligence (*see, Pascal v Pascal, supra; Killen v New York Cent. R. R. Co., supra*). Since there was evidence adduced at trial that the train may have fully occupied the crossing at the time of the accident, the court erred in refusing to give the charge in the event the jury made such a finding (*see, Muldoon v Lehigh Val. R. R. Co., supra*).

Because a new trial is required, we note certain evidentiary errors committed by the trial court. The statement by train

crew member Joseph Noeth, as testified to by Stephen Bedetti, a volunteer officer who responded to the scene, did not constitute an admission by Conrail because Noeth did not have the authority to speak on behalf of Conrail (*see, Risoli v Long Is. Light. Co.,* 195 AD2d 543, 544). Therefore, its admission on the plaintiff's direct case was improper. Further, the court improperly had the damages figures requested by the plaintiff's counsel during summation, which were written on a blackboard, transcribed onto a piece of paper and submitted to the jury, at its request, during deliberations. Arguments made by counsel during summation are not evidence (*see, Adamko v Steinberg,* 166 AD2d 547, 548).

In light of our determination, we need not address the appellant's remaining contentions. Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.