■ RITA CLARKE et al., Appellants, v ORDER OF THE SISTERS OF ST. DOMINIC et al., Respondents. [710 NYS2d 108] —In an action to recover damages for personal injuries, etc., the plaintiffs

appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered January 7, 1999, which, upon a jury verdict finding the plaintiff Gerald A. Clarke 90% at fault and the defendant Marianella Amerson 10% at fault in the happening of the accident, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict, is in favor of the defendants and against them on the issue of liability dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is granted, and a new trial is ordered, with costs to abide the event.

This action involves an accident between a van driven by the plaintiff Gerald A. Clarke, in which his wife, the plaintiff Rita Clarke, was a passenger, and a car driven by the defendant Marianella Amerson. The accident occurred at the intersection of Sunrise Highway and County Line Road in Amityville, New York. The Clarkes' van was the first vehicle stopped at a red light in the left-turning lane on the westbound side of Sunrise Highway. Amerson's car was the first vehicle stopped at the red light in the center lane of the eastbound traffic on Sunrise Highway. The two vehicles collided when Mr. Clarke attempted to make a U-turn and Amerson proceeded into the intersection.

A Department of Transportation employee testified regarding the computer-controlled sequence of the traffic lights at the intersection on the date of the accident. Essentially, if Mr. Clarke's light was green, Amerson's light was red, and conversely, if Amerson's light was green, Mr. Clarke's light was red. Mr. Clarke testified that he entered the intersection when his light was green, and an eyewitness testified that Amerson entered the intersection when her light was red. Amerson repeatedly insisted that she entered the intersection when her light was green.

After being recharged on the concept of proximate cause, the jury returned its verdict. The jury found that Mr. Clarke was negligent, that his negligence was a proximate cause of the accident, and that he was 90% at fault for the happening of the accident. The jury also found Amerson negligent, but that her negligence was not a proximate cause of the accident. However, the jury further found that Amerson was 10% at fault for the happening of the accident. After retiring the jury, the trial court dismissed the action.

Where, as here, the record indicates substantial confusion among the jurors in reaching their verdict, a new trial should be granted (*see, Moisakis v Allied Bldg. Prods. Corp.,* 265 AD2d 457; *Trotter v Johnson,* 210 AD2d 946). As the verdict was

internally inconsistent, the trial court, which was aware that the jurors had previously expressed difficulty in comprehending the concept of proximate cause, should have required the jury to reconsider its verdict, or alternatively, should have ordered a new trial (*see, Cortes v Edoo,* 228 AD2d 463; *Vera v Bielomatik Corp.,* 199 AD2d 132; *see, e.g., DePasquale v Morbark Indus.,* 254 AD2d 450; *Merenda v Consolidated Rail Corp.,* 248 AD2d 684).

The remaining contentions of the parties are without merit, or need not be reached in light of our determination. Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.