■ FASAIDAKOT V. KEVII, Respondent, v MICHAEL WAYNE CEN-NAME et al., Appellants, and BERNARD A. BRANDON, Respondent. [803 NYS2d 618]—

In an action to recover damages for personal injuries, the defendants Michael Wayne Cenname and Carol Ann Delawder appeal from an interlocutory judgment of the Supreme Court, Orange County (McGuirk, J.), entered July 2, 2004, which, upon a jury verdict, inter alia, finding that the defendant Michael Wayne Cenname was negligent and that his negligence was a substantial factor in causing the subject accident, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as inconsistent and as against the weight of the evi-

dence, inter alia, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, that branch of the motion which was to set aside the jury verdict as inconsistent is granted, and the matter is remitted to the Supreme Court, Orange County, for a new trial on all issues, with costs to abide the event.

This action arose out of a motor vehicle accident which occurred when the defendant Bernard A. Brandon attempted to make a left turn into a Dunkin Donuts. The plaintiff was Brandon's passenger. After coming to a stop in an eastbound lane prior to starting his turn, Brandon noticed a box truck which had stopped in a westbound lane. Brandon testified that the box truck obscured his view of oncoming traffic. Immediately upon clearing the front bumper of the box truck, Brandon collided with the appellants' vehicle traveling westbound. After a liability trial, the jury returned a verdict finding Brandon negligent, but that his negligence was not a substantial factor causing the accident. Yet, it apportioned Brandon's liability at 50%.

Where, as here, the record indicates substantial confusion among the jurors in reaching their verdict, a new trial should be granted (see Clarke v Order of Sisters of St. Dominic, 273 AD2d 431, 432 [2000]; Merenda v Consolidated Rail Corp., 248 AD2d 684, 686 [1998]; Cortes v Edoo, 228 AD2d 463, 465-466 [1996]; see also Trotter v Johnson, 210 AD2d 946 [1994]). As the verdict was internally inconsistent, the trial court should have required the jury to reconsider its verdict, or alternatively, should have granted a new trial (see Clarke v Order of Sisters of St. Dominic, supra; DePasquale v Morbark Indus., 254 AD2d 450 [1998]; Merenda v Consolidated Rail Corp., supra; Cortes v Edoo, supra). However, the Supreme Court did neither. Thus, the matter must be remitted to the Supreme Court, Orange County, for a new trial on all issues.

The parties' remaining contentions need not be reached in light of our determination. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.