OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed without costs.
Plaintiff commenced the instant action to recover damages for personal injuries sustained as a result of a motor vehicle accident. In her complaint, plaintiff alleged that a vehicle driven by defendant Michael Farina and owned by defendant Steven Farina struck her vehicle. Following deliberations, the jury informed the court that it had reached a verdict. Upon reading the verdict sheet, the court realized that the jury, in violation of the instructions on the verdict sheet, had failed to stop answering the questions on the verdict sheet after finding that defendant Michael Farina was negligent and that his negligence was not the proximate cause of the accident, but, instead, had gone on and apportioned defendant Michael Farina’s fault at 5% for the occurrence of the accident. After reading the verdict sheet outside the presence of counsel for both sides, the court provided the jury with a new verdict sheet, sent them back for further deliberations and destroyed the initial verdict sheet. Soon thereafter, the jury returned a verdict finding that defendant Michael Farina was negligent but that his negligence was not the proximate cause of the accident and answered no further questions on the verdict sheet. Upon learning what the court had done outside of the presence of counsel for both sides, plaintiff moved for an order setting aside the jury verdict and for a new trial. Defendants opposed the motion. The Civil Court granted plaintiffs motion for a new trial, and the instant appeal by defendants ensued.
Where, as here, the jury’s verdict is internally inconsistent demonstrating substantial juror confusion, the court must direct either reconsideration by the jury or a new trial (see CPLR 4111 [c]; Palmer v Walters, 29 AD3d 552 [2006]; Kevii v Cenname, 21 AD3d 1061 [2005]; Clarke v Order of Sisters of St. Dominic, 273 *81 AD2d 431 [2000]). Outside of the presence of the attorneys for both sides, the court chose to ask the jury to reconsider the verdict but failed to provide the jury with any further instructions to avoid any continued confusion (see Roberts v County of Westchester, 278 AD2d 216 [2000]; Cortes v Edoo, 228 AD2d 463 [1996]). Under the circumstances presented, we are of the opinion that the Civil Court did not improvidently exercise its discretion in setting aside the verdict and ordering a new trial.
Pesce, EJ., Golia and Steinhardt, JJ., concur.