OPINION OF THE COURT
Memorandum.
Ordered that the judgment is modified by striking the dismissal of the complaint insofar as asserted against defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and the dismissal of the third-party complaint; the order denying plaintiffs motion to direct a verdict in plaintiffs favor against defendant Franklin Dental Health and granting the motions by defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and third-party defendant Yalena Ladyzhenskaya, D.D.S., to set aside the jury verdict and to direct a verdict in their favor is vacated; the motions by defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and third-party defendant Yalena Ladyzhenskaya, D.D.S., to set aside the jury verdict in favor of plaintiff as against defendant Patricia Youdeem, D.D.S., and to direct a verdict in favor of defendants Franklin Dental Health and Patricia Youdeem, D.D.S., on the complaint, and defendant Yalena Ladyzhenskaya, D.D.S., on the third-party complaint, are granted to the extent of setting aside the jury verdict and ordering a new trial as to so much of the complaint as is asserted against defendant Patricia Youdeem, D.D.S.; plaintiffs motion to direct a verdict in his favor against defendant Franklin Dental Health is granted to the extent of *4 ordering a new trial on plaintiffs complaint insofar as asserted against defendant Franklin Dental Health; the third-party complaint is reinstated; and the matter is remitted to the Civil Court for a new trial on the complaint insofar as asserted against defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and for all further proceedings on the third-party complaint; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this action against Franklin Dental Health (Franklin), its owner Patricia Youdeem, D.D.S., and Yalena Ladyzhenskaya, D.D.S., to recover damages for dental malpractice, alleging negligent dental treatment in 2003. Plaintiff testified at trial that he had made an appointment for an examination and a cleaning at Franklin’s facility after receiving a brochure from his union indicating that Franklin would provide dental treatment to union members. On his first visit, he had his teeth cleaned, and X rays were taken. Apparently, a treatment plan was also formulated, and he was told by Dr. Youdeem and two other dentists, one of whom he identified as Dr. Ladyzhenskaya, that he needed to have root canal work done, although, he stated, he was not in any pain. On his second visit, Dr. Ladyzhenskaya did a root canal procedure on tooth No. 4. On his third visit, Dr. Ladyzhenskaya did a root canal procedure on tooth No. 5 and, during the course of that procedure, he suffered severe pain. Eventually, his cheek became red and swollen. He testified that, as of the date of trial in April and May of 2010, he was still unable to chew food on that side of his mouth. Plaintiff’s expert testified that defendants’ negligence was predicated upon the formulation of plaintiffs treatment plan and in the administration of sodium hypochlorite during the root canal procedure on tooth No. 5.
Dr. Ladyzhenskaya testified that she practiced at Franklin about two or three days per week and that she was an independent contractor. She was paid by Franklin by check, and no taxes were taken out of the checks that she received from Franklin. No one at Franklin supervised her work, and another dentist at Franklin, Dr. Boujouran, who is not a party to this action, had formulated the treatment plan which recommended root canal treatment. She had no independent recollection of plaintiff.
Dr. Youdeem testified that Franklin was a professional corporation and that she was its sole owner. There were several dentists at Franklin, including Dr. Ladyzhenskaya, who worked *5 as independent contractors, and who were paid on a per diem basis. New patients were assigned to the dentists who happened to be working at the time they came in. The first time that plaintiff came to Franklin, he was assigned to Dr. Boujouran, who formulated plaintiffs treatment plan.
During the course of the trial, the Civil Court granted Dr. Ladyzhenskaya’s motion to dismiss the complaint as against her on statute of limitations grounds. Thereafter, Franklin and Dr. Youdeem commenced a third-party action against Dr. Ladyzhenskaya for, among other things, indemnification and contribution.
The Civil Court charged the jury on vicarious liability (PJI 2:255), instructing the jury that Franklin could be liable for the acts of its employees but not for the acts of independent contractors. The court declined plaintiffs request, with respect to the issue of Franklin’s liability, that the doctrine of ostensible agency be charged. The verdict sheet did not include an interrogatory regarding Franklin’s liability, but did contain, among other things, an interrogatory regarding whether Dr. Ladyzhenskaya was an independent contractor. The jury returned a verdict finding that Dr. Youdeem was not negligent in formulating the treatment plan, that Dr. Ladyzhenskaya was an independent contractor, that Dr. Ladyzhenskaya was negligent in administering the sodium hypochlorite and that Dr. Ladyzhenskaya’s negligence was a substantial factor in causing plaintiffs injury. In apportioning liability, the jury found that Dr. Youdeem was 10% at fault and that Dr. Ladyzhenskaya was 90% at fault. The jury then proceeded to award plaintiff damages for his dental expenses, and for past and future pain and suffering. Although there had been some off-the-record discussion about resubmitting the verdict sheet to the jury due to a possible inconsistency in the verdict, this apparently was not done, and the jury was discharged.
After the jury was excused, plaintiff objected to the fact that the court had not asked the jury to reconsider its answers to the interrogatories on the verdict sheet, and asked the court to direct a verdict against Franklin based upon the jury’s finding of liability on the part of Dr. Ladyzhenskaya. By separate motions Franklin and Dr. Youdeem, and Dr. Ladyzhenskaya, moved to set aside the jury verdict in favor of plaintiff and against Dr. Youdeem and to direct a verdict in their favor. The court, stating that it was clear that the jury had found no liability, opted to set aside the jury verdict and direct that judgment be entered *6 dismissing the complaint and, in effect, the third-party complaint. A judgment was entered accordingly, and this appeal by plaintiff ensued.
Ordinarily, a hospital or clinic will be liable for the negligent acts of an employee, but not for the negligent acts of an independent contractor. Nevertheless, vicarious liability may be imposed upon a hospital or clinic for the negligence of an independent contractor under a theory of apparent or ostensible agency (Kavanaugh v Nussbaum, 71 NY2d 535, 547 [1988] [“vicarious liability for medical (or dental) malpractice generally turns on agency or control in fact, or apparent or ostensible agency”]). Thus, where a hospital or clinic holds out an independent contractor to be its agent or employee, it may be estopped from asserting such independent contractor status if the patient has relied on that representation (see Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986]). While we disagree with plaintiffs contention that the Civil Court should have directed a verdict against Franklin based upon the jury’s finding of liability on the part of Dr. Ladyzhenskaya, it is our determination that there was sufficient evidence presented at trial to warrant the issue of Franklin’s vicarious liability based on ostensible agency to be submitted to the jury, and the Civil Court erred in declining plaintiffs request to instruct the jury on that issue.
This error was compounded when the Civil Court was confronted with the jury verdict, which contained answers to interrogatories which were internally inconsistent. Instead of asking the jury to further consider its answers and verdict prior to its discharge or, in the alternative, ordering a new trial (see CPLR 4111 [c]; see also Clarke v Order of Sisters of St. Dominic, 273 AD2d 431 [2000]), the Civil Court directed the entry of judgment in favor of defendants and, in effect, the third-party defendant, which, under these circumstances, was error. While ordinarily an objection to a verdict as inconsistent must be made before the jury is discharged or the issue will not be preserved for appellate review (see Barry v Manglass, 55 NY2d 803, 806 [1981]), a new trial may be ordered in the absence of an objection “where the interest of justice manifestly requires it” (Vera v Bielomatik Corp., 199 AD2d 132, 134 [1993]). A new trial is therefore required with respect to so much of the complaint as is asserted against Franklin and Dr. Youdeem. We note that we leave undisturbed the dismissal, based on statute of limitations grounds, of so much of plaintiffs complaint as is asserted against Dr. Ladyzhenskaya.
*7 Accordingly, the judgment is modified by striking the dismissal of the complaint insofar as asserted against defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and the dismissal of the third-party complaint; the order denying plaintiffs motion to direct a verdict in plaintiffs favor against defendant Franklin Dental Health and granting the motions by defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and third-party defendant Yalena Ladyzhenskaya, D.D.S., to set aside the jury verdict and to direct a verdict in their favor is vacated; the motions by defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and third-party defendant Yalena Ladyzhenskaya, D.D.S., to set aside the jury verdict in favor of plaintiff as against defendant Patricia Youdeem, D.D.S., and to direct a verdict in favor of defendants Franklin Dental Health and Patricia Youdeem, D.D.S., on the complaint, and Yalena Ladyzhenskaya, D.D.S., on the third-party complaint, are granted to the extent of setting aside the jury verdict and ordering a new trial as to so much of the complaint as is asserted against defendant Patricia Youdeem, D.D.S.; plaintiffs motion to direct a verdict in his favor against defendant Franklin Dental Health is granted to the extent of ordering a new trial on plaintiffs complaint insofar as asserted against defendant Franklin Dental Health; the third-party complaint is reinstated; and the matter is remitted to the Civil Court for a new trial on the complaint insofar as asserted against defendants Franklin Dental Health and Patricia Youdeem, D.D.S., and for all further proceedings on the third-party complaint.