David Springsteen, Respondent,
against
Walter J. Watson, Defendant, and Red Top Management Transport, Inc. and Damien Munoz, Appellants.




Philip J. Rizzuto, P.C. (Kristen N. Reed, Esq.), for appellants.
Paul Aljouny & Associates (Neil Flynn, Esq.), for respondent.

Appeal from an interlocutory judgment of the Suffolk County Court (James P. Flanagan, J.), entered July 1, 2014. The interlocutory judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding, among other things, that defendants Damien Munoz and Walter J. Watson were negligent but that their negligence was not a proximate cause of the accident and, upon a sua sponte oral order of the court setting aside the finding that their negligence was not a proximate cause of the accident and substituting therefor a finding that their negligence was a proximate cause of the accident, is in favor of plaintiff and against defendants Damien Munoz and Red Top Management Transport, Inc. on the issue of liability.




ORDERED that the interlocutory judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the County Court for a new trial against all defendants.
Plaintiff commenced this action to recover for personal injuries sustained as a result of a motor vehicle accident. It was alleged that a vehicle owned and operated by defendant Walter J. Watson was struck by a vehicle owned by defendant Red Top Management Transport, Inc. (Red Top) and operated by defendant Damien Munoz, in which plaintiff was a passenger. A jury trial was held following which, upon reading the verdict sheet, the court realized that the jury had failed to stop answering the questions on the verdict sheet after finding that Watson and Munoz had been negligent but that their negligence had not been the proximate cause of the accident. Instead, the jury had continued and apportioned fault between them, finding that Munoz was 55% at fault in the happening of the accident and that Watson was 45% at fault. Rather than sending the jury back for further deliberations, the court, sua sponte, set aside the finding that the negligence of Munoz and Watson had not been a proximate cause of the accident, and, instead, found that their negligence had been a proximate cause. Exceptions to the ruling were made on the record, and this appeal by Red Top and Munoz ensued.
Initially, we note that the argument that the court improperly set aside the jury finding in question and found proximate cause was properly preserved for appellate review. The issue of the verdict's inconsistency was raised while the court could have taken alternative action. Moreover, defense counsel took exception to the court's ruling (see Barry v Manglass, 55 NY2d 803 [1981]).
Where, as here, the jury's verdict is internally inconsistent, demonstrating substantial juror confusion, the court must either direct reconsideration by the jury or order a new trial (see CPLR 4111 [c]; Palmer v Walters, 29 AD3d 552 [2006]; Kevii v Cenname, 21 AD3d 1061 [2005]; Roberts v County of Westchester, 278 AD2d 216 [2000]; Clarke v Order of Sisters of St. Dominic, 273 AD2d 431 [2000]; Cortes v Edoo, 228 AD2d 463 [1996]). Here, the court erred in failing to do either.
Accordingly, the interlocutory judgment, insofar as appealed from, is reversed and the matter is remitted to the County Court for a new trial against all defendants (see Thrower v Smith, 62 AD2d 907 [1978]; cf. D'Annunzio v Ore, 119 AD2d 512 [2014]).
GARGUILO, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 19, 2017