■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY B. AUSTIN, Appellant.—Judgment of the Supreme Court, New York County (John Bradley, J.), rendered on December 13, 1983, convicting defendant after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [2]) and criminal possession of a weapon in the second degree (Penal Law § 265.03), for which she was sentenced to concurrent terms of 7½ to 22½ years, and 3 to 9 years, respectively, unanimously affirmed.

Defendant was employed in a clerical position in a law firm. She claimed to have had an affair with one of the partners, and subsequently shot and killed him. She interposed a defense of insanity.

Extensive testimony was received concerning defendant's intense, and occasionally stormy, relationships at work with her co-workers, and with the married victim. Over the course of six months prior to the shooting, defendant purchased an illegal handgun, made several references to her belief in revenge, and made inculpatory statements to co-workers which intimated that she would "blow [the victim's] head off" either out of jealousy, or as a reaction to his alleged exploitation of her. Defendant had certain grievances concerning her employment situation, and linked them to the victim, who was the managing partner. After she shot the victim, she also made several statements indicating that she was glad that she had killed the victim out of revenge for his perceived ruination of her life.

Defendant testified in her own behalf, detailing how the victim had "destroyed" her mentally. Defendant called as expert witnesses two forensic psychiatrists, who opined that she suffered from the mental disease of paranoid schizophrenia, and that she did not appreciate the nature and the consequences of her conduct. These witnesses supported their conclusions by detailed references to defendant's testimony and other evidence, and the jury was apprised of the nature of the various forms of schizophrenia. In the People's rebuttal case, another forensic psychiatrist testified that while defendant's symptoms manifested personality disorders, they were not sufficiently psychotic as to be schizophrenic. This witness

opined that defendant's perceptions were distorted, but not delusional, and that she was aware of the nature and consequences of her conduct. All three psychiatrists had personally examined defendant.

The operative statute is Penal Law former § 30.05 (1), under which the People had the burden to disprove the insanity defense beyond a reasonable doubt *(see, People v Silver,* 33 NY2d 475, 479 [although the defendant would be presumed to be sane *(supra,* at 480-482)]). The ultimate question of defendant's sanity is essentially a jury question *(People v Wood,* 12 NY2d 69, 77). We conclude that, based on this evidence, the jury was entitled to find that the People had proved beyond a reasonable doubt that defendant could appreciate the nature and consequences of her conduct.

Defendant's appellate challenge to the trial court's insanity instruction was not preserved as a matter of law either by appropriate objection or by a request for a specific instruction *(People v Whalen,* 59 NY2d 273, 280). We decline to review in the interest of justice. If we were to review, we would conclude that the charge was proper.

Defendant's challenge to the prosecutor's summation is unpreserved as a matter of law by timely objection (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). We have considered defendant's remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.