■ In the Matter of MARY B. AUSTIN, Respondent, v EILEEN CONSILVIO, Appellant. [744 NYS2d 164] —Order and judgment (one paper), Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 25, 2001, which, after a jury trial, granted petitioner's motion for a directed verdict and ordered that she be released from Manhattan Psychiatric Center, unanimously reversed, on the law, without costs, the order vacated, and the matter remanded for a new trial.

Petitioner was admitted to Manhattan Psychiatric Center upon her parole from a sentence of 7½ to 22½ years for manslaughter in the first degree and criminal possession of a weapon in the second degree (*see, People v Austin,* 161 AD2d

106). Upon parole, defendant was involuntarily admitted to Manhattan Psychiatric Center, where she has remained. Following an order pursuant to Mental Hygiene Law § 9.33, directing her retention in that facility for a period not to exceed six months, petitioner moved for rehearing and review by a jury pursuant to section 9.35 of the statute. At the close of respondent's case, Supreme Court granted petitioner's CPLR 4401 motion for a directed verdict and ordered her release. This Court stayed the order pending appeal.

Giving "every favorable inference which could reasonably be drawn from the evidence" adduced at trial by respondent, we find a rational basis that would support a jury finding in respondent's favor (*Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202; *see also, Szczerbiak v Pilat*, 90 NY2d 553, 556) and, thus, Supreme Court erred in directing a verdict in favor of petitioner. Testimony was received from Dr. Brian Anderson, the Director of Violence Prevention and Treatment at Manhattan Psychiatric Center. Dr. Anderson supervised petitioner's treatment over an 18-month period ending in the summer of 2001. He periodically reviewed petitioner's medical chart and treatment notes during the last three years. Furthermore, he examined her at regular intervals, including shortly before the commencement of trial.

Dr. Anderson testified that petitioner exhibits no remorse concerning the homicide and stated that, under similar circumstances, she would kill again. She has consistently refused treatment with psychotropic medications and denied that she is mentally ill, even while entertaining delusions that hospital staff members were plotting against her. She persists in the belief that, during her incarceration at Bedford Hills Correctional Facility, she was an undercover agent for the New York State Department of Correctional Services. From personal observation as well as his review of the patient's chart and progress notes, Dr. Anderson concluded that petitioner continues to suffer from delusional disorder or bipolar personality disorder, that her release would represent a danger to society and that, for her own welfare and the welfare of the community, her continued hospitalization is required.

Dr. Anderson's testimony affords a substantial basis upon which a jury could conclude that petitioner represents a danger to herself and others, requiring her continued retention for treatment at Manhattan Psychiatric Center. Dr. Anderson clearly demonstrated more than a passing familiarity with petitioner's course of treatment, and it was error to hold that testimony by her treating psychiatrist was essential to

respondent's case (*see, Matter of Anonymous v Carmichael*, 284 AD2d 182). His conclusions find support in the medical record, and any inconsistency with the clinical assessment of her treating psychiatrist, and any alleged misrepresentations concerning the medical record, as asserted by petitioner, merely present questions of fact and issues of credibility requiring resolution by the trier of fact.

As we have stated in the past, granting judgment at the close of a plaintiff's case is a practice that is not well-advised from the standpoint of judicial economy. As a leading commentator notes, if the jury is prevented from passing on the issues, an appellate court that disagrees with a verdict directed by the trial justice (CPLR 4401, 4404 [a]) has no jury verdict to reinstate, wasting the time spent on trial (Siegel, NY Prac § 405, at 613-614 [2d ed]). "Unless it appears that the defendant's case will consume an inordinate amount of the trial court's time, the better practice is to submit the case to the jury which, in some instances, may obviate defendant's CPLR 4401 motion by returning a defendant's verdict (*see, Greenberg v Bar Steel Constr. Corp.*, 37 AD2d 162, 163)" (*Rosario v City of New York*, 157 AD2d 467, 472; *see also, Vera v Knolls Ambulance Serv.*, 160 AD2d 494). Concur—Nardelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.