■ JIMMY LEE DAVIS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [769 NYS2d 897]—

Order, Supreme Court, Bronx County (Bertram Katz, J., on postverdict motion), entered October 21, 2002, which denied plaintiff's motion for an order, inter alia, reducing the mistrial ruling of recused Trial Justice Albert Emanuelli to a formal written order, the appeal from which brings up for review the

mistrial ruling, unanimously affirmed, without costs, and the matter remanded for a new trial, unless defendant stipulates, within 20 days of service of a copy of this order, with notice of entry, to a 25% apportionment of fault against plaintiff, and to the entry of a judgment in accordance therewith.

The action is for personal injuries allegedly caused by defendant premises owner's negligent failure to maintain a staircase. Answering interrogatories, the jury found that plaintiff's comparative negligence was not a substantial factor in causing his fall but nevertheless, in the next interrogatory, apportioned fault 25% against him. Based on this inconsistency, Justice Emanuelli declared a mistrial, rejecting plaintiff's request to resubmit the case to the jury for further consideration. Plaintiff objected to this mistrial ruling, and promptly moved on papers to have it reduced to a formal order. Justice Emanuelli then recused himself and Justice Katz was designated to decide the motion. Justice Katz rendered a written order denying the motion to reduce the mistrial ruling to a formal order, and plaintiff has taken an appeal from Justice Katz's order. Plaintiff also moved for leave to appeal Justice Katz's order in the event it was not appealable as of right, which motion was denied by this Court as unnecessary.

We deem the appeal from Justice Katz's order to bring up for review Justice Emanuelli's mistrial ruling (*cf. Sholes v Meagher*, 100 NY2d 333, 335 [2003]), and, on such review, find that Justice Emanuelli's refusal to resubmit the case to the jury for further consideration was a proper exercise of discretion under CPLR 4111 (c). The jury's notes during its deliberations, coupled with its inconsistent verdict, indicate persistent confusion on the basic concepts involved in a negligence action (*see DePasquale v Morbark Indus.*, 254 AD2d 450 [1998]; *compare Endres v Mingles Rest.*, 271 AD2d 207, 207-208 [2000], *lv dismissed* 95 NY2d 845 [2000]). Those same concepts, as Justice Emanuelli emphasized, were also involved in other interrogatories that addressed defendant's negligence.

Before the trial court, plaintiff offered to resolve the verdict's inconsistency with a stipulation deeming the jury to have found that his negligence was a substantial factor in causing his fall. The proposal, however, was hedged with the condition that by so stipulating, plaintiff was not waiving any right he had to. set aside any such deemed finding, or the jury's actual finding apportioning fault 25% against him. It appears that defendant rejected the proposal in part because of this condition. On appeal, plaintiff's briefs indicate that he is now prepared to accept 25% of the fault without condition. Accordingly, we give defen-

dant another opportunity to so stipulate rather than face a new trial. Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.