OPINION OF THE COURT
SCHOENFELD, J.
Order dated June 28, 2006, affirmed, with $10 costs.
Plaintiff seeks to recover damages for personal injuries allegedly caused by defendants’ negligent failure to remove barricades following a sidewalk repair and restoration project. Answering interrogatories, the jury found that both plaintiff and defendant Consolidated Edison Company of New York (Con Edison) were negligent, but that their negligence was not a substantial factor in causing the accident. The jury further found that defendant Co-Star Construction, Inc. was negligent and that its negligence was a substantial factor in causing plaintiffs accident. Nevertheless, in the next interrogatory, the jury apportioned fault 15%, 25% and 60%, respectively, as against Con Edison, plaintiff and Co-Star. Plaintiff was awarded $500,000 for past pain and suffering but no damages for future pain and suffering. At that point, plaintiffs counsel, over CoStar’s objection, suggested that the trial court disregard the percentage breakdown. The court then granted Con Edison’s motion for dismissal on the merits and discharged the jury, concluding that the dismissal order resolved any issues concerning inconsistency. Co-Star’s counsel immediately objected, noting that to dismiss Con Edison at that juncture would deprive Co-Star of its contribution remedies available under the CPLR.
The next day, Co-Star moved for judgment notwithstanding the verdict, or alternatively, for a new trial. Plaintiff opposed, arguing that the court, by dismissing the complaint against Con Edison, must have intended to dismiss the 25% fault apportionment against her (plaintiff) as being' inconsistent with the verdict and to hold Co-Star 100% liable. The court set aside the verdict, finding that it could not resolve the patent inconsistencies in the verdict. Plaintiff moved to vacate the court’s mistrial ruling and for a new trial limited to future damages for pain and suffering, medical expenses and lost wages. The court adhered to its decision to set aside the verdict as inconsistent and plaintiff now appeals.
The jury verdict was internally inconsistent in that it attributed 15% and 25% fault to Con Edison and plaintiff, respectively, despite having found that their negligence was not a substantial *112 factor in causing the accident (see Palmer v Walters, 29 AD3d 552 [2006]). When a jury verdict is internally inconsistent, the “[trial] court’s alternatives are limited to ordering reconsideration or a new trial” (Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 40 [1980]). Inasmuch as the parties failed to request any further consideration by the jury, the trial court was required to order a new trial (see Vera v Bielomatik Corp., 199 AD2d 132 [1993]). Any attempt by the trial court to reallocate liability would necessarily have involved an improper speculation as to the jury’s thought process (see Dubec v New York City Hous. Auth., 39 AD3d 410 [2007]) and constituted an impermissible “attempt to [re]adjust the outcome of the litigation” (Mars Assoc. v New York City Educ. Constr. Fund, 126 AD2d 178, 190 [1987], appeal dismissed 70 NY2d 747 [1987] [internal quotation marks omitted]).
While the dissent’s desire to resolve this case is understandable, the method used thereby violates applicable rules of law. The principles of joint and several liability discussed by the dissent do not govern this matter given the fact that defendant Con Edison is no longer a party. Since Co-Star is the only remaining defendant, imputing to Co-Star the portion of fault that the jury assigned to Con Edison under the theory of joint and several liability is unjust because Co-Star can no longer seek contribution pursuant to article 14 of the CPLR from Con Edison for its share of the damages.
Moreover, the dissent is engaging in improper speculation that the jury would have assigned Con Edison’s portion of the fault to Co-Star rather than to the plaintiff if the trial court had ordered the jury to reconsider its verdict after Con Edison was dismissed from the case. The fact remains that the jury verdict was internally inconsistent and the trial court did not order reconsideration of that verdict. That inconsistency is not removed from the case by plaintiff’s offer to accept 25% apportionment of liability. Davis v New York City Hous. Auth. (3 AD3d 356 [2004]), relied upon by the dissent, does not warrant a contrary result. While the Davis court gave the defendant therein an opportunity to accept the plaintiffs offer to accept 25% of the fault, rather than face a new trial, the court did not, and indeed could not, compel the defendant to do so. The mandatory approach advanced by the dissent, eschewed in Davis, is unsupported by any case law. It is noted that defendant Co-Star, in its appellate brief, has expressly declined plaintiffs offer to accept 25% of the fault in settlement of the case.
*113 Finally, the dissent suggests that if the matter is remanded for a new trial, it should be on liability only, leaving the damage award for past pain and suffering intact. At first blush this appears to be a good suggestion. However, in view of plaintiffs intention to additionally seek future damages at such trial, the matter should be remanded for all purposes (see Marine Midland Bank v Russo Produce Co., 50 NY2d at 40).