McKeon, EJ.
(dissenting). For reasons discussed hereinafter, the trial court should not have declared a mistrial, but should have entered judgment in favor of plaintiff against defendant Co-Star Construction, Inc. in the principal amount of $375,000. At the very least, the trial court abused its discretion by requiring a new trial on past damages in the absence of a showing that the jury’s award for past pain and suffering deviated “materially from what would be reasonable compensation” for the serious knee injury which plaintiff sustained (CELR 5501 [c]).
On August 17, 1997, plaintiff was injured when she fell over portions of construction barricades while walking on the sidewalk near 1220-1226 Elder Avenue in the Bronx. It is undisputed that, in the days preceding the accident, Co-Star repaired and resurfaced the sidewalk where plaintiff fell, which earlier had been the location of repair work by Con Edison to its underground cables. The barricades over which plaintiff fell belonged to Co-Star, an independent contractor whose laborers assembled, placed and disassembled the barricades at the accident site.
Upon the trial of the ensuing negligence action, the jury found that plaintiff, Co-Star and Con Edison had each been negligent. However, in what was clearly an inconsistent verdict, the jury concluded that only Co-Star’s negligence had been a proximate cause of the accident yet, contrary to the trial court’s directions, proceeded to apportion responsibility among the parties as follows: 25% as against plaintiff, 60% as against Co-Star and 15% *114 as against Con Edison. The jury awarded plaintiff $500,000 for past pain and suffering, but made no award for future damages.
Regrettably, the trial court failed to seek a clarification of the verdict prior to the jury’s discharge. More importantly, for appellate purposes, Co-Star did not request one. The court did, however, grant Con Edison’s motion to dismiss all claims against it, having previously reserved decision on Con Edison’s application prior to submission of the case to the jury. Significantly, the jury had not been discharged when the trial court dismissed Con Edison, yet Co-Star’s counsel only objected to the timing of Con Edison’s dismissal, urging, despite a myriad of cases to the contrary, that a trial court should “direct a verdict” before a jury retires rather than after. Indeed, it is clear from its remarks in the immediate aftermath of the jury’s verdict that the trial court believed that the dismissal of Con Edison ameliorated any inconsistency in the verdict, a view which was not challenged by Co-Star on the record. While mistaken in that belief, in light of the jury’s finding of fault on the part of plaintiff but no proximate cause, the trial court, perhaps intuitively, immediately initiated settlement discussions.
On the day after the verdict, when it was clear that a settlement could not be achieved (and with time to reflect on the jury’s findings), the trial court reconsidered its earlier position, stating “I cannot resolve the inconsistencies,” and proceeded to set aside the verdict and order a new trial on all issues.
Via a post-trial motion, plaintiff, inter alia, offered to concede that the jury’s finding of negligence against her was a proximate cause of the accident, thereby reducing the verdict in her favor by 25%. Moreover, plaintiff offered to forgo any claim for future damages. Nevertheless, the trial court adhered to its earlier determination that there should be a new trial on all issues. This appeal followed.
It is noteworthy that Co-Star has neither challenged the trial court’s underlying basis for dismissing Con Edison after the jury’s verdict (just the timing of it), nor offered anything beyond token opposition to the reasonableness of the jury’s verdict for past pain and suffering. Its concern, distilled to the basics, centers on the jury’s finding that Con Edison was 15% responsible for the occurrence of the accident and the consequences of that finding in light of the trial court’s dismissal of Con Edison from the case. Does it create, as urged by Co-Star, an insolvable dilemma requiring a new trial or is Con Edison’s 15% share of responsibility ultimately borne by Co-Star pursuant to principles *115 of joint and several liability? I believe that the latter view is the correct interpretation of New York law, and I conclude that with plaintiffs concession to accept 25% responsibility for the accident and the trial court’s dismissal of Con Edison, there was no longer an inconsistency, and judgment should have been entered in favor of plaintiff for $375,000.
My analysis on this point begins by way of illustration: Assume, arguendo, that there had been no inconsistency, that the jury had found proximate cause as to plaintiff and Con Edison’s negligence and that the 60/25/15% apportionment was consistent with other findings in the verdict. Is the majority suggesting that had the trial court, under that scenario, granted Con Edison’s post-trial motion to dismiss and set aside the verdict against it, a declaration of mistrial was mandated? I think not. The reality is that nisi prius courts regularly grant post-trial motions by defendants in multiple tortfeasor cases without the risk of aborting the trial which preceded the ruling. This is because common-law principles of joint and several liability, and articles 14, 14-A and 16 of the CPLR provide guidance as to how the dismissal impacts upon the verdict.
Under CPLR 1411 (art 14-A), plaintiffs damages are diminished in the proportion which her culpable conduct “bears to the culpable conduct which caused the damages.” Thus, plaintiffs culpable conduct is deducted first (100% - 25% = 75%). Why is Co-Star liable for the balance? “The rule of ‘joint and several’ liability has long been the rule in tort cases, meaning that each tortfeasor is responsible not only for the share of plaintiff P’s damages that she herself caused (‘several’ liability), but also for the shares attributable to the other culpable tortfeasors (‘joint’ liability)” (Siegel, NY Prac § 168A, at 277 [4th ed]). While the common-law rule of “joint and several” liability has been statutorily modified (via CPLR art 16) in ways not beneficial to Co-Star, the bottom line remains that because CoStar was found more than 50% responsible for the happening of the accident, it is not only liable for its own share of culpability but for the entire remaining 75% of culpability, after deducting plaintiffs 25% of comparative responsibility. In short, the dismissal of Con Edison impacts not on plaintiffs recovery but on Co-Star’s right to contribution.
Further, notwithstanding Co-Star’s argument to the contrary, a trial court does not commit error and prejudice a party’s article 16 rights by waiting for the jury to render its verdict before granting an alleged tortfeasor’s motion to dismiss. *116 Indeed, there is much to commend such a practice, since an appellate court, if concluding that dismissal is unwarranted, has jury findings to reinstate, including a jury’s allocation of responsibility, thereby obviating the need for a new trial (see Matter of Austin v Consilvio, 295 AD2d 244 [2002]; Vera v Knolls Ambulance Serv., 160 AD2d 494 [1990]).
Turning to the facts in this case, once the jury concluded that Co-Star was more than 50% responsible for the happening of the accident, it possessed no article 16 rights, and it was responsible for the balance of the verdict after a deduction for the 25% of fault attributed to plaintiff. Therefore, the last arguable shred of verdict inconsistency was removed from the case by plaintiffs offer to concede causation, triggering CPLR article 14-A. And I respectfully disagree with the majority’s conclusion that plaintiff needed Co-Star’s permission to do so. In no way does plaintiffs concession on proximate cause and apportionment involve additur or remittitur, only a mathematical adjustment to the jury’s verdict to reflect plaintiffs comparative fault. Hence, Co-Star enjoys the full benefit of the jury’s determination on damages, which was neither increased for inadequacy nor decreased for excessiveness (cf. Kupitz v Elliott, 42 AD2d 898 [1973], lv denied 33 NY2d 519 [1973]).
In Davis v New York City Hous. Auth. (3 AD3d 356, 357 [2004]), a jury inconsistency case remarkably similar to that under consideration, the Court viewed with approval an offer by plaintiff to concede that the negligence found by the jury “was a substantial factor in causing [the] fall.” Unlike the situation in Davis, plaintiffs offer here is unconditional and the factual scenario giving rise to it does not include the numerous instances in Davis of “persistent [jury] confusion” (id.). Basically, plaintiff’s willingness to concede causation was akin to a motion to amend the pleadings; in other words, now admitting that she was comparatively negligent and leaving for the jury, as is always the case, the issue of apportionment among tortfeasors. There is no prejudice to Co-Star, only benefit. Not surprisingly, the losing party would favor a “do over,” but there is nothing in this record, in light of plaintiffs offer to voluntarily reduce her award by 25%, and forgo a claim for future damages, which requires a retrial and the unnecessary use of judicial and legal resources.*
*117 Finally, if there is to be a new trial, which I believe to be an unneeded formalism, it should not include damages for past pain and suffering. The jury rendered a verdict which appears to represent reasonable compensation for the past pain and suffering sustained by plaintiff. Any complaint with respect to the damage award belongs to plaintiff, since it is hard to imagine that plaintiffs serious knee injury would not serve as the basis for an award for future pain and suffering at any forthcoming trial.
I thus respectfully dissent, and would grant plaintiffs post-trial motion and enter judgment in her favor for $375,000. As an alternative, I would limit any new trial to issues of liability and future damages.

 It seems apparent that Co-Star waived any claim of jury inconsistency by not requesting “corrective action” before the jury’s discharge (see Barry v *117 Manglass, 55 NY2d 803, 806 [1981]), yet another example of an arguable point which plaintiff appears willing to overlook on appeal to bring closure to this action.