■ MILTON TROTTER, Appellant, v ABRAHAM JOHNSON et al., Respondents. [621 NYS2d 761] —Order unanimously reversed on the law without costs, motion granted and new trial granted. Memorandum: Supreme Court should have granted plaintiff's motion for a new trial. After summations and the court's charge, a verdict sheet containing five questions was submitted to the jury. Question No. 2 of that verdict sheet asked, "Was Defendant's [Thomas Johnson's] negligence a proximate cause of the accident?" Question No. 5 asked, "What was the percentage of fault of the Defendant [Thomas Johnson], if any, and what was the percentage of fault of the Plaintiff, if any?" The court instructed the jury that a party is at "fault" where that party's negligence contributed to causing plaintiff's injuries. The jury answered "no" to question No. 2 and, in response to question No. 5, found defendant Thomas Johnson 10% at fault and plaintiff 90% at fault. Upon hearing the verdict, plaintiff's counsel asserted that the jury's responses to those questions were in conflict. Because the answers demonstrated that the jury was confused, he requested that the court reinstruct the jury on proximate cause and direct them to continue deliberations. The court denied the request, discharged the jury and entered a verdict of "no cause against

plaintiff". The court denied plaintiff's subsequent motion for a new trial based on jury confusion in rendering a verdict.

A new trial should be granted where, as here, the record demonstrates substantial confusion among the jurors in reaching a verdict *(see, McStocker v Kolment,* 160 AD2d 980, 981; *Wingate v Long Is. R. R.,* 92 AD2d 797, 798; *Rodriguez v Baker,* 91 AD2d 143, 147, *lv denied* 59 NY2d 751; *Koroluck v Giordano's Serv. Ctr.,* 34 AD2d 1013). In answering question No. 2, the jury determined that defendant Thomas Johnson's negligence was not a proximate cause of the accident, while in answering question No. 5, it determined that defendant Thomas Johnson was 10% at fault, i.e., that his negligence partially caused or contributed to plaintiff's injuries. Because those inconsistent answers demonstrate substantial confusion by the jury, a new trial is required. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—New Trial.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.