■ MAUREEN CORTES et al., Respondents, v SCOROOJNEE EDOO et al., Appellants, and MAXIMO ALVAREZ et al., Respondents.

464

(Action No. 1.) STEVEN SWEENEY et al., Respondents, v MAXIMO ALVAREZ et al., Respondents, and NALINI BAHADUR et al, Appellants. (Action No. 2.) MICHAEL BATALITZKY, JR., Respondent, v NALINI BAHADUR et al., Appellants, and MAX ALVAREZ et al., Respondents. (Action No. 3.) DANIEL PUERTA et al., Respondents, v MAXIMO ALVAREZ et al., Respondents, and SCOROOJNEE EDOO et al., Appellants. (Action No. 5.) STEPHANIE RABEL, Respondent, v MAX ALVAREZ, Respondent, and SCOROOJNEE EDOO et al., Appellants. (Action No. 6.) JOSIP MATKOVIC, Respondent, v NALINI BAHADUR et al., Appellants, and MAX ALVAREZ, Respondent. (Action No. 7.) (And a Related Matter—Action No. 4.) [644 NYS2d 289]

These related actions involve an accident between a vehicle driven by the appellant Nalini Bahadur and owned by her mother, the appellant Scoroojnee Edoo, and a vehicle driven by the defendant Maxwell Alvarez (also sued as Max Alvarez) and owned by his father, the defendant Maximo Alvarez. The Alvarez vehicle was travelling on Roosevelt Avenue in Queens when it crossed over the double yellow line and collided with the oncoming vehicle driven by Bahadur. Two passengers

riding with Alvarez and five passengers riding with Bahadur (hereinafter collectively the plaintiffs) commenced personal injury actions against the appellants and the Alvarezs. In addition, Bahadur commenced a personal injury action against her codefendants.

The jury initially returned a verdict sheet in which it found that the appellant Bahadur was negligent but her negligence was *not* a proximate cause of the accident. The jury found that the defendant Maxwell Alvarez was negligent and that his negligence was a proximate cause of the accident. In response to question number five on the verdict sheet, which asked the jury to assign a percentage of fault to each driver, the jury apportioned fault 2% to Bahadur and 98% to Maxwell Alvarez. The jury was not specifically instructed, either orally or on the verdict sheet, that it need not assign a percentage of fault to Bahadur on question number five if it concluded that her negligence was not a proximate cause of the accident.

The court did not disclose this verdict to the parties but informed them that there was a "problem" with question number five and that the jury would be given a new verdict sheet, which was shown to counsel. The jury was not given any new instructions on the law but was told that there was an error with respect to its answer to question number five. The new verdict sheet included an instruction that, if the jury's answer on proximate cause was "no" as to either driver, it should not proceed to question number five. The jury returned a verdict sheet which found that both drivers were negligent, that each driver's negligence was a proximate cause of the accident, and they apportioned fault in the same percentages as on the first verdict sheet. The court then disclosed the first verdict sheet, and the appellants moved to set aside the verdict, arguing that the jury's initial finding that Bahadur's negligence was not a proximate cause of the accident required entry of a judgment in their favor. The court denied the motion.

The jury's initial finding that Bahadur's negligence was not the proximate cause of the accident was inconsistent with the finding that she was 2% at fault. Where there is an internal inconsistency in a jury's verdict, the court can either declare a mistrial or require the jury to further consider its answers and verdict *(see, Leal v Simon,* 147 AD2d 198, 205; *see also, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518, n 5; CPLR 4111 [c]). While it would have been proper for the court to require the jury to reconsider its verdict, under the circumstances of this case, it was improper to do so without reinstructing the jury on the issue of proximate cause. We do not agree with the

plaintiffs that the court's correction of the verdict sheet was sufficient to eliminate any confusion. Before reaching their initial verdict, the jury twice sent notes to the court indicating that it was deadlocked, and one note specifically indicated that it was deadlocked on the issue of whether Bahadur was negligent. The jury had previously asked the court for reinstruction on proximate cause. Since the jury found Bahadur to be only 2% at fault, it could very well have determined that her negligence was not a substantial producing cause of the accident. Absent appropriate clarifying instructions from the court, we cannot assume that the jury's confusion on the issue of proximate cause did not influence its findings on the second verdict sheet. "A new trial should be granted where * * * the record demonstrates substantial confusion among the jurors in reaching a verdict" *(Trotter v Johnson,* 210 AD2d 946, 947; *see also, McStocker v Kolment,* 160 AD2d 980; *Wingate v Long Is. R. R.,* 95 AD2d 671; *cf., Dunn v Moss,* 193 AD2d 983).

Moreover, during the course of the deliberations, the court's responses to certain communications from the jury were deficient. In responding to some very factually specific inquiries, it would have been preferable for the court, instead of merely rereading portions of its charge, to apply the legal principles to the factual contentions of the parties *(see, e.g., Bender v Nassau Hosp.,* 99 AD2d 744). In addition, the court did not reveal to the parties the substance of one note from the jury but advised the jury that it could only "accept" communications concerning the verdict sheet or readbacks. The court merely informed the attorneys that "the jury seems to be confused". While these issues are not preserved for appellate review, in light of the jury's confusion on the initial verdict sheet, a new trial is required. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.