■ LINA BOROVSKAYA, Respondent, v MOSHE HERSKOVIC et al., Respondents, and MORTON SORKIN et al., Appellants. [751 NYS2d 312] —In an action to recover damages for personal injuries, the defendants Morton Sorkin and Alisa Sorkin appeal from an order of the Supreme Court, Kings County (R. Rivera, J.), dated July 10, 2001, which, after a jury trial, granted the plaintiff's motion pursuant to CPLR 4402 for a mistrial, and granted the motion of the defendants Moshe Herskovic and Veronica Herskovic pursuant to CPLR 4404 to set aside the jury verdict in favor of the defendants Morton Sorkin and Alisa Sorkin and granted a new trial.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A collision between a vehicle operated by the defendant Moshe Herskovic and a vehicle driven by the defendant Morton Sorkin caused the Sorkin vehicle to strike the plaintiff as she crossed the street at an intersection in Brooklyn. After a trial, the jury initially found that Herskovic was negligent and that his negligence was a substantial factor in causing the accident, and apportioned 90% of the fault to him. The jury also found that Sorkin and the plaintiff were negligent but that their negligence was not a substantial factor in causing the accident. However, the jury determined that each of these parties was 5% at fault.

The trial court refused to accept this verdict as inconsistent, gave the jury a new verdict sheet, and reinstructed it on proximate cause. The jury returned a second verdict finding that Herskovic was negligent and that his negligence was a substantial factor in causing the accident. This time, however, the jury found that Sorkin and the plaintiff were not negligent and apportioned 100% of the fault to Herskovic. Subsequently, the trial court granted the plaintiff's motion for a mistrial and the motion of the Herskovic defendants to set aside the second jury verdict as inconsistent. The Sorkin defendants appeal.

Contrary to the appellants' contention, the trial court correctly refused to accept the first verdict as inconsistent. Pursuant to CPLR 4404 (a), a trial court has the discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors and order a new trial (*see Roberts v County of Westchester,* 278 AD2d 216, 217; *Provenzano v Peters,* 242 AD2d 266; *Cortes v Edoo,* 228 AD2d 463, 466). Under the circumstances of this case, the trial court providently exercised its discretion in setting aside the second verdict and ordering a new trial. The second verdict was inconsistent with the first verdict, and it was internally inconsistent because the verdict against Herskovic implies that he ran a red light so that the plaintiff must have been negligent for crossing against the same red light.

In light of this determination, it is unnecessary to reach the Herskovic defendants' remaining contentions. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.