■ ELIZABETH PALMER, Appellant, v THOMAS WALTERS, Respondent. [814 NYS2d 689]—

In an action to recover damages for personal injuries, the plaintiff appeals, by permission, from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 1, 2005, which, upon the defendant's motion pursuant to CPLR 4404, in effect, inter alia, to set aside a jury verdict on the issue of liability in her favor and for judgment as a matter of law, declared a mistrial and directed a new trial on the issue of liability.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the motion is denied, and the jury verdict on the issue of liability is reinstated.

The plaintiff, a passenger in a vehicle driven by the defendant, Thomas Walters, allegedly was injured in a collision that occurred when a vehicle driven by John Romanelli pulled out of a parking lot and into the path of Walters' vehicle. The plaintiff testified at trial that Walters was driving at a high rate of speed and never slowed down before colliding with the Romanelli vehicle. At the conclusion of the trial on the issue of Walters' liability, the jury returned a verdict finding that Walters was negligent, that his negligence was not a substantial factor in causing the accident, that Romanelli was negligent, that his negligence was a substantial factor in causing the accident, and that the percentage of fault attributable to each driver in the happening of the accident was 33% for Walters and 67% for Romanelli. The trial court advised the jury that its verdict was internally inconsistent, and directed the jury to reconsider its answers to the interrogatories on the verdict sheet. A short time later, the jury returned a second verdict, which was identical to the first verdict, except that the question as to whether Walters' negligence was a substantial factor in causing the accident was now answered in the affirmative. After the defen-

dant moved pursuant to CPLR 4404, in effect, inter alia, to set aside the verdict on the issue of liability and for judgment as a matter of law, the trial court excused the jury, declared a mistrial pursuant to CPLR 4111 (c), and directed a new trial. The plaintiff appeals.

When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial (*see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40 [1980]; *Cortes v Edoo,* 228 AD2d 463 [1996]; *Leal v Simon,* 147 AD2d 198, 205 [1989]). Even after reconsideration by the jury, "a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors" (*Roberts v County of Westchester,* 278 AD2d 216, 217 [2000]; *see Borovskaya v Herskovic,* 300 AD2d 331, 332 [2002]).

In this case, the jury's initial verdict was internally inconsistent in that it attributed 33% of the fault for the happening of the accident to Walters despite having found that his negligence was not a substantial factor in causing the accident (*see DePasquale v Morbark Indus.,* 254 AD2d 450 [1998]; *Trotter v Johnson,* 210 AD2d 946 [1994]). The record indicates that the jury may have been confused regarding the meaning of the term "substantial factor" when it returned its first verdict, and thus a mistrial may have been appropriate at that juncture (*see Davis v New York City Hous. Auth.,* 3 AD3d 356 [2004]; *DePasquale v Morbark Indus., supra*). The Supreme Court, however, opted to direct the jury to reconsider its verdict. The jury's second verdict was internally consistent (*see Meade v Hisler,* 306 AD2d 387 [2003]; *cf. Borovskaya v Herskovic, supra*), and under the circumstances of this case, there is no reason to believe that the jury remained confused, or to doubt that its actual determination was that Walters' negligence was a substantial factor in causing the accident (*cf. Cortes v Edoo, supra*). To the contrary, it appears that the jury exercised its right to "substantively alter its original [verdict] so as to conform to its real intention" (*Ryan v Orange County Fair Speedway,* 227 AD2d 609, 611 [1996], quoting *Bernard v Seyopp Corp.,* 11 AD2d 140, 141 [1960], *affd* 9 NY2d 676 [1961]; *see Mateo v 83 Post Ave. Assoc.,* 12 AD3d 205 [2004]). Thus, the Supreme Court improvidently exercised its discretion in declaring a mistrial, and instead should have accepted the jury's second verdict. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.