ARSHAD MAHMOOD, Appellant, v RAISA GUTMAN et al., Defendants/Third-Party Plaintiffs. OAKLEY CAR WASH, Third-Party Defendant-Respondent. [916 NYS2d 802]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), entered October 29, 2009, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) a judgment of the same court entered December 7, 2009, which, upon the order, is in favor of the third-party defendant and against the defendants/third-party plaintiffs dismissing the third-party complaint.

Ordered that the appeals are dismissed, with one bill of costs to the third-party defendant, payable by the plaintiff.

The plaintiff allegedly sustained personal injuries when he was allegedly struck at his place of work by a vehicle operated by the defendant/third-party plaintiff Raisa Gutman and owned by the defendant/third-party plaintiff Irina Weissman. The plaintiff commenced this action against Gutman and Weissman, who thereafter commenced a third-party action against the plaintiff's employer, Oakley Car Wash (hereinafter Oakley), seeking indemnification and/or contribution. Oakley moved for summary judgment dismissing the third-party complaint. The Supreme Court granted the motion and subsequently entered a judgment dismissing the third-party complaint. The plaintiff appeals from both the order and the judgment; and he is the only party appealing from either the order or the judgment.

The appeal from the order must be dismissed, inter alia, because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). Moreover, the appeal from the order, as well as the appeal from the judgment, must be dismissed on the ground that the plaintiff is not an "aggrieved party" within the meaning of CPLR 5511 since, in the context of Oakley's motion, he did not "ask[ ] for relief" from the Supreme Court, and no party "ask[ed] for relief against him" (Mixon v TBV, Inc., 76 AD3d 144, 156 [2010]; see Murray v City of New York, 43 AD3d 429, 430 [2007]; Siegel v Long Is. Jewish Med. Ctr., 309 AD2d 916 [2003]). Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.