BARBARA KELLY, Respondent, v GERALD GREITZER, Appellant, et al., Defendant. [921 NYS2d 302]—

In an action, inter alia, to recover damages for dental malpractice, the defendant Gerald Greitzer appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 3, 2010, as, upon a jury verdict awarding the plaintiff the principal sum of $81,000, and upon an order of the same court entered January 12, 2010, denying his motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or to set aside the verdict and for a new trial, is in favor of the plaintiff and against him in the total sum of $89,067.88.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the order denying the motion of the defendant Gerald Greitzer, in effect, pursuant to CPLR 4404 (a) to set aside the verdict is reviewable on the instant appeal from the final judgment (*see* CPLR 5501 [a] [1]). Moreover, Greitzer's argument on appeal is preserved for appellate review.

"When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial" (*Palmer v Walters*, 29 AD3d 552, 553 [2006]; *see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]; *Cortes v Edoo*, 228 AD2d 463 [1996]; *Leal v Simon*, 147 AD2d 198, 205 [1989]). "On reconsideration, the jury [is] free to substantively alter its original statement so as to conform to its real intention, and [is] not bound by the terms of its original verdict inasmuch as that verdict was not entered by the court" (*Ryan v Orange County Fair Speedway*, 227 AD2d 609, 611 [1996] [internal quotation marks omitted]; *see Palmer v Walters*, 29 AD3d at 553; *Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 206 [2004]). "Even after reconsideration by the jury, 'a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors' " (*Palmer v Walters*, 29 AD3d at 553, quoting *Roberts v County of Westchester*, 278 AD2d 216, 217 [2000]; *see Borovskaya v Herskovic*, 300 AD2d 331, 332 [2002]). " 'A new trial should be granted where . . . the record demonstrates substantial confusion among the jurors in reaching a verdict' " (*Cortes v Edoo*, 228 AD2d at 466, quoting *Trotter v Johnson*, 210 AD2d 946, 947 [1994]).

Here, the jury's initial verdict was internally inconsistent because the jury attributed 75% of the fault to Greitzer despite having found that Greitzer's departure from accepted dental practice was not a proximate cause or substantial factor in causing Kelly's injuries (*see Palmer v Walters*, 29 AD3d 552 [2006]; *DePasquale v Morbark Indus.*, 254 AD2d 450 [1998]; *Trotter v Johnson*, 210 AD2d 946 [1994]). Similarly, the jury attributed 25% of the fault to the defendant Michael Schacter despite having found that Schacter's departure from accepted dental practice was not a proximate cause or substantial factor in causing Kelly's injuries. The jury's initial verdict also purported to award damages. The record indicates that the jury was confused as to the meanings of the terms "proximate cause" and "substantial factor," even after the trial court directed the jury to reconsider its verdict.

However, in response to questions from the foreperson, and after consulting with counsel for all parties, the trial court

expanded on its prior instructions to the jury on the concept of "proximate cause" and the meaning of the word "substantial." Thereafter, the jury returned its second verdict. The jury's second verdict was identical to the first verdict, except that the questions as to whether Greitzer's departure and Schacter's departure were proximate causes or substantial factors in causing Kelly's injuries were now answered in the affirmative. Thus, the jury's second verdict was internally consistent. Notably, the jury's apportionment of fault and the amount of damages were the same in both verdicts. When asked by the trial court if "[t]he only thing that changed was the proximate cause question[,]" the foreperson answered "[y]es." Under the circumstances of this case, there is no reason to believe that the jury remained confused, or to doubt that its actual determination was that Greitzer's departure from accepted dental practice was a proximate cause or substantial factor in causing Kelly's injuries (*see Palmer v Walters*, 29 AD3d 552 [2006]; *cf. Cortes v Edoo*, 228 AD2d 463 [1996]). Thus, we decline to set aside the jury's verdict as the product of substantial confusion among members of the jury. Covello, J.P., Eng, Hall and Roman, JJ., concur.