■ ROSEANN McGLYNN LEDOGAR et al., Appellants, v CAITLIN FORBES et al., Respondents. [922 NYS2d 508]—

In an action, inter alia, to recover damages for wrongful death and personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered December 4, 2009, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as inconsistent and contrary to the weight of the evidence, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion to set aside the verdict is granted, the complaint is reinstated, and the matter is remitted to the

Supreme Court, Suffolk County, for a new trial on the issue of liability.

On January 13, 2007, Thomas F. McGlynn (hereinafter the decedent) was operating his vehicle westbound on Church Street, in the Town of Islip, when he attempted to make a left turn onto the southbound lanes of Lakeland Avenue. As his vehicle crossed the northbound lanes of Lakeland Avenue, a northbound vehicle operated by the defendant Caitlin Forbes (hereinafter Forbes) and owned by the defendant Colleen Forbes collided with it, causing fatal injuries to the decedent and serious injury to Gaetana McGlynn, his wife, who was a passenger in his car. The plaintiffs, Roseann McGlynn Ledogar, as executor of the decedent's estate, and Gaetana McGlynn, commenced this action, inter alia, to recover damages for wrongful death and personal injuries, alleging that Forbes's negligent operation of the defendants' vehicle caused those injuries. The action eventually proceeded to trial. The plaintiffs contended that the Forbes vehicle ran a red light, and also that she was using her cell phone while operating the vehicle. The defendants contended that their vehicle had a green light and that it was the decedent who had run a red light. An eyewitness who had been traveling northbound on Lakeland Avenue testified that the traffic light governing the northbound traffic on Lakeland Avenue was green, thus supporting the defendants' account.

After a trial on the issue of liability, the jury returned a verdict finding, in answer to the first two questions on the verdict sheet, that Forbes was negligent in the operation of her vehicle, but also that her negligence was not a substantial factor in bringing about the accident. Notwithstanding the direction on the verdict sheet that the jury not proceed to the remaining questions in light of such a finding, but that it report its verdict, the jury answered the third question on the verdict sheet, indicating that the decedent was not negligent in operating his vehicle. The plaintiffs' counsel moved to set aside the verdict as inconsistent and contrary to the weight of the evidence. Alternatively, counsel requested that the Supreme Court instruct the jury that its verdict was inconsistent and direct that it resume deliberations. The Supreme Court denied the motion to set aside the verdict, but pointed out to the jury that it had answered the third question despite the instructions on the verdict sheet not to reach that question in the event it found that Forbes's negligence was not a substantial factor in bringing about the accident. The Supreme Court told the jury that "we are in a quandary to understand what that means." It returned the completed verdict sheet to the jury, and also gave the jury a new copy of

the verdict sheet, instructing it to continue its deliberations and to complete the new verdict sheet. The court further told the jury that if it had "any questions about my instructions to you on the verdict sheet or any questions on my instructions concerning the law in this area, by all means send out a note and I'll be happy to answer your question for you." The jury then returned a verdict finding that Forbes was negligent but that her negligence was not a substantial factor in bringing about the accident. This time, the jury, in light of its answers regarding Forbes's negligence, did not answer the question regarding the decedent's negligence, in compliance with the court's instructions. A judgment dismissing the complaint was entered on the verdict, and the plaintiffs appeal. We reverse.

"Where there is an internal inconsistency in a jury's verdict, the court can either declare a mistrial or require the jury to further consider its answers and verdict" (*Cortes v Edoo*, 228 AD2d 463, 465 [1996]; *see Roberts v County of Westchester*, 278 AD2d 216, 217 [2000]; *Clarke v Order of Sisters of St. Dominic*, 273 AD2d 431, 432-433 [2000]). Here, as the plaintiffs' counsel argued, the jury's first verdict was internally inconsistent. Under the facts presented, the conduct of at least one of the two drivers must have been a proximate cause of the accident, although the jury could reasonably have found that Forbes was negligent by using her cell phone, without that negligence being a proximate cause of this accident. The Supreme Court should have explained the inconsistency in the jury's verdict, but its instructions were inadequate to ensure that the jury addressed its apparent confusion (*see Cortes v Edoo*, 228 AD2d at 466). Accordingly, a new trial is necessary (*see Kevii v Cenname*, 21 AD3d 1061, 1062 [2005]; *Cortes v Edoo*, 228 AD2d at 466).

Contrary to the plaintiffs' contention, the Supreme Court did not err in denying their request for a *Noseworthy* charge (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]).

In view of our determination, we do not reach the plaintiffs' remaining contention. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.