■ LAUREN D'ANNUNZIO, Respondent, v RUSSELL A. ORE et al., Appellants, and DANIEL LORENCE GOLDMAN et al., Respondents. [989 NYS2d 503]—

In an action to recover damages for personal injuries, the defendants Russell A. Ore and Eastern Wholesale Fence Co., Inc., appeal from an order of the Supreme Court, Nassau County (Bruno, J.), entered April 8, 2013, which granted the motion of the defendants Daniel Lorence Goldman and Benjamin Goldman pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability as inconsistent and for a new trial.

Ordered that the order is affirmed, with costs.

" 'When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial' " (Kelly v Greitzer, 83 AD3d 901, 902 [2011], quoting Palmer v Walters, 29 AD3d 552, 553 [2006]; see CPLR 4111 [c]; Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 40 [1980]). Here, contrary to the appellants' contention, the jury's verdict was internally inconsistent because the jury attributed 30% of the fault in the happening of the subject motor vehicle accident to the defendant Russell A. Ore, despite having found that Ore's negligence was not a substantial factor in causing the plaintiff's injuries (see Kelly v Greitzer, 83 AD3d at 902; Dubec v New York City Hous. Auth., 39 AD3d 410, 411 [2007]; Palmer v Walters, 29 AD3d at 553). Accordingly, the Supreme Court properly granted the motion of the defendants Daniel Lorence Goldman and Benjamin Goldman pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for a new trial. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.