■ DENISE SCARPATI, Respondent-Appellant, v HELEN H. KIM, M.D., et al., Respondents, and STATEN ISLAND UNIVERSITY HOSPITAL, Appellant-Respondent. [2 NYS3d 544]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant Staten Island University Hospital appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Richmond County (Minardo, J.), dated January 3, 2013, which, inter alia, denied that branch of its motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against it on the issues of liability and damages for past pain and suffering and for judgment as a matter of law, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant Staten Island University Hospital which was pursuant to CPLR 4404 (a) to set aside the verdict due to jury confusion, directed a new trial on the issues of liability and damages against only the defendant Staten Island University Hospital, and denied the plaintiff's cross motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded her $0 for future pain and suffering and for a new trial on that limited issue.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the contention of the defendant Staten Island University Hospital (hereinafter SIUH), the evidence was legally sufficient to support the jury's finding that Jonathan Beitler, a doctor employed by SIUH, departed from accepted medical practice in his treatment of the plaintiff, and that the departure was a proximate cause of the plaintiff's injuries (*see Schaffer v Batheja*, 76 AD3d 970, 972 [2010]; *Alicea v Ligouri*, 54 AD3d 784, 786 [2008]; *Hanley v St. Charles Hosp. & Rehabilitation Ctr.*, 307 AD2d 274, 277 [2003]; *Jump v Facelle*, 275 AD2d 345,

346 [2000]). Accordingly, the Supreme Court properly denied that branch of SIUH's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issues of liability and damages for past pain and suffering in favor of the plaintiff and against it, and for judgment as a matter of law.

The Supreme Court, however, properly granted that branch of SIUH's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict due to juror confusion. "When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial" (*Kelly v Greitzer*, 83 AD3d 901, 902 [2011] [internal quotation marks omitted]; *see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]; *Palmer v Walters*, 29 AD3d 552, 553 [2006]). A "trial court has broad discretion in determining whether to send the jury back for further deliberation" (*Soto v Famulari*, 28 AD3d 639, 641 [2006]; *see Sharrow v Dick Corp.*, 86 NY2d 54, 62 [1995]). "Even after reconsideration by the jury, a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors" (*Kelly v Greitzer*, 83 AD3d at 902 [internal quotation marks omitted]; *see Palmer v Walters*, 29 AD3d at 553).

Here, the jury's initial verdict was internally inconsistent, as the jury attributed 100% of the fault for the plaintiff's injuries to Beitler, despite having found that his departure from accepted medical practice was not a substantial factor in causing the plaintiff's injuries (*see Kelly v Greitzer*, 83 AD3d at 902; *Palmer v Walters*, 29 AD3d at 553; *Borovskaya v Herskovic*, 300 AD2d 331, 332 [2002]). Under these circumstances, the Supreme Court properly directed the jury to reconsider its first verdict (*see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]; *Kelly v Greitzer*, 83 AD3d at 902; *Palmer v Walters*, 29 AD3d at 553; *Merenda v Consolidated Rail Corp.*, 248 AD2d 684, 686 [1998]). The jury returned a second verdict, again attributing 100% of the fault to Beitler, but this time concluding that his departure was a substantial factor in causing the plaintiff's injuries. However, as the court's questioning of each juror after the jury reached the second verdict demonstrated that they were still confused, the court providently exercised its discretion in granting that branch of SIUH's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against it, and properly directed a new trial on the issues of liability and damages against Beitler (*see Cortes v Edoo*, 228 AD2d 463, 466 [1996]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in directing that the new

trial be held against only SIUH, and not against the defendant Helen H. Kim. The jury's findings that Kim did not depart from accepted medical practice and was 0% at fault were not internally inconsistent (*see generally Schabe v Hampton Bays Union Free School Dist.*, 103 AD2d 418, 425 [1984]; *Gannon Personnel Agency v City of New York*, 57 AD2d 538, 540 [1977]), and there was no evidence either that the jury's verdict with respect to Kim was the product of substantial confusion among the jurors, or that any confusion that existed with respect to the Beitler verdict affected the Kim verdict.

In light of the foregoing, the parties' remaining contentions have been rendered academic. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.

---

Motion by the appellant-respondent on an appeal and cross appeal from an order of the Supreme Court, Richmond County, dated January 3, 2013, to strike stated portions of the respondent-appellant's reply brief on the ground that those portions contain improper surreply. By decision and order on motion of this Court dated March 6, 2014, the motion was held in abeyance, and was referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is granted, and the second sentence of the table of contents entitled "Counter-Statement of Facts" and sections of the table of contents entitled "Dr. Kim" and "SIUH," the "Counter-Statement of Facts" on pages two through five, and point I of the respondent-appellant's reply brief are stricken and have not been considered on the appeal and cross appeal. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.