■ Bhanmattie Rajkumar Kumar, Respondent, v PI Associates, LLC, Appellant, and Pretty Girl, Respondent, et al., Defendant. [3 NYS3d 372]—

In an action to recover damages for personal injuries, the defendant PI Associates, LLC, appeals (1), by permission, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered February 20, 2014, as denied its motion to set aside the jury verdict on the issue of liability as inconsistent and for a new trial, and (2) from an order of the same court entered June 5, 2014, which denied its motion pursuant to CPLR 4404 (a) for judgment as a matter of law on its cross claim against Pretty Girl for contractual indemnification, granted the cross motion of the defendant Pretty Girl, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against it on the issue of liability and for judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it, and, sua sponte, directed that the defendant PI Associates, LLC, was 90% at fault in the happening of the accident.

Ordered that the order entered February 20, 2014, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability; and it is further,

Ordered that the appeal from so much of the order entered June 5, 2014, as granted that branch of the cross motion of the defendant Pretty Girl which was for judgment as a matter of law dismissing the complaint insofar as asserted against it is dismissed, as the defendant PI Associates, LLC, is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the appeal from so much of the order entered June 5, 2014, as, sua sponte, directed that the defendant PI Associates, LLC, is 90% at fault is dismissed; and it is further,

Ordered that the order entered June 5, 2014, is reversed insofar as reviewed, on the law, the cross claims of the defendant PI Associates, LLC, are converted into third-party causes of action, the motion of the defendant PI Associates, LLC, for judgment as a matter of law on its third-party cause of action against Pretty Girl for contractual indemnification is granted, and that branch of the cross motion of the defendant Pretty Girl, which was for judgment as a matter of law dismissing all cross claims is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant PI Associates, LLC, payable by the plaintiff and the defendant Pretty Girl.

On November 19, 2011, the plaintiff was walking along a sidewalk in front of certain premises located on Roosevelt Avenue in Flushing, when she tripped over a chipped portion of the sidewalk and fell. The plaintiff commenced this action to recover damages for personal injuries. The defendant PI Associates, LLC (hereinafter PI), owned the subject premises. The defective condition on the sidewalk was located in front of, or adjacent to, a first-floor store that the defendant Pretty Girl leased from PI.

After a trial on the issue of liability, the jury returned a verdict finding that while PI, Pretty Girl, and the plaintiff were negligent, only Pretty Girl's negligence was a substantial factor in causing the accident. The jury found that Pretty Girl was 80% at fault for the accident and that the plaintiff and PI were each 10% at fault.

After an off-the-record bench conference, the Supreme Court discharged the jury. The plaintiff moved to set aside the jury verdict as inconsistent and for a directed verdict finding that PI's negligence was a substantial factor in causing the accident. PI, too, moved to set aside the verdict as inconsistent and for a directed verdict finding that PI was 0% at fault for the accident. The court set aside the verdict and issued a directed verdict finding that the plaintiff's and PI's negligence were substantial factors in causing the accident. This was improper.

"When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial" (*Kelly v Greitzer*, 83 AD3d 901, 902 [2011] [internal quotation marks omitted]; *see* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40 [1980]; *Palmer v Walters*, 29 AD3d 552, 553 [2006]). Here, the jury's verdict was internally inconsistent, as the jury attributed 10% of the fault for the plaintiff's accident to both the plaintiff and PI, despite having found that their negligence was not a substantial factor

in causing the accident (*see D'Annunzio v Ore*, 119 AD3d 512 [2014]; *Kelly v Greitzer*, 83 AD3d at 902; *Palmer v Walters*, 29 AD3d at 553; *Cortes v Edoo*, 228 AD2d 463, 465 [1996]). The Supreme Court should have resolved the substantial juror confusion, as demonstrated by the internally inconsistent verdict, by either resubmitting the case to the jury for reconsideration or directing a new trial on the issue of liability (*see* CPLR 4111 [c]; *Kelly v Greitzer*, 83 AD3d at 902; *Palmer v Walters*, 29 AD3d at 553; *Kevii v Cenname*, 21 AD3d 1061, 1062 [2005]; *Clarke v Order of Sisters of St. Dominic*, 273 AD2d 431, 432-433 [2000]). On the record, the jury's intent as to the liability of and the apportionment of fault among the plaintiff, Pretty Girl, and PI, cannot be determined (*see Viviani v City of Yonkers*, 303 AD2d 493, 494 [2003]). Thus, there must be a new trial on the issue of liability. For the reasons that follow, however the new trial on the issue of liability is limited to the plaintiff and PI.

After the court set aside the verdict and issued a directed verdict finding that the plaintiff's and PI's negligence were substantial factors in causing the accident, both PI and Pretty Girl submitted motions, in effect, for a directed verdict on new grounds. PI moved for a directed verdict on its cross claim against Pretty Girl for contractual indemnification. Pretty Girl, in effect, cross-moved for a directed verdict dismissing the complaint and all cross claims insofar as asserted against it. In the order entered June 5, 2014, the Supreme Court denied PI's motion for a directed verdict. In addition, the court granted Pretty Girl's cross motion and directed that the 80% fault that the jury attributed to Pretty Girl was now attributed to PI, for a total of 90% fault.

PI's appeal from so much of the order entered June 5, 2014, as, sua sponte, directed that it is 90% at fault, must be dismissed, as no appeal lies as of right from that part of an order which does not decide a motion made on notice, and leave to appeal has not been granted from that portion of the order that directed that PI is 90% at fault (*see* CPLR 5701 [a] [2]; [c]; *Garcia v Eurobungy USA*, 120 AD3d 623, 624 [2014]). In any event, the Supreme Court's finding that PI is 90% at fault is academic in light of this Court's determination that a new trial is required on the issue of liability.

In addition, PI's appeal from so much of the order entered June 5, 2014, as granted that branch of Pretty Girl's cross motion which was for judgment as a matter of law dismissing the complaint insofar as asserted against it must be dismissed, since PI is not aggrieved by that portion of the order (*see* CPLR

5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *Mahmood v Gutman*, 81 AD3d 792 [2011]). Therefore, the new trial on the issue of liability shall not include Pretty Girl as a defendant.

Turning to the merits of PI's motion for a directed verdict on its cross claim for contractual indemnification, the subject lease provides that the "Tenant, shall, at Tenant's own expense, make all repairs and replacements to the sidewalks and curbs adjacent thereto." The lease also provides that Pretty Girl will indemnify PI from all claims for damages incurred as a result of Pretty Girl's breach of the lease, which, contrary to Pretty Girl's contention, does not conflict with General Obligations Law § 5-322.1.

Contrary to Pretty Girl's contention, certain provisions in the rider to the lease, which require the tenant to keep the sidewalk clean and free from debris and snow, and to make all nonstructural repairs to the demised premises, not including the public sidewalk, did not conflict with the lease's provision that obligated the tenant to make all sidewalk repairs. Thus, the Supreme Court should have granted PI's motion for a directed verdict on its cross claim against Pretty Girl for contractual indemnification, and denied that branch of Pretty Girl's motion which was for a directed verdict dismissing all cross claims asserted against it. As the complaint was dismissed against Pretty Girl, we convert PI's cross claim against Pretty Girl for contractual indemnification to a third-party cause of action (*see Soodoo v LC, LLC*, 116 AD3d 1033, 1034 [2014]), and award PI judgment as a matter of law on its third-party cause of action for contractual indemnification. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.