■ JODY CLEVELAND, by His Mother and Natural Guardian, AIMEE LANDRY, Respondent, v LOUISE DJEU, Appellant, et al., Defendants. [58 NYS3d 499]—

In an action to recover damages for personal injuries, the defendant Louise Djeu appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated April 3, 2013, which denied her motion to reinstate the first jury verdict in her favor and set aside the second jury verdict in favor of the plaintiff.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Louise Djeu which was to set aside the second jury verdict in favor of the plaintiff, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

This action concerns the alleged lead poisoning of the plaintiff, Jody Cleveland, while he resided in an apartment building owned by the defendant Louise Djeu (hereinafter the defendant). After trial, the jury found that the defendant was negligent in the ownership, operation, and maintenance of the building, but that her negligence was not a substantial factor in causing the plaintiff's injuries. However, notwithstanding its finding of no liability and the instructions on the verdict sheet directing the jury to end its deliberations if it found that the defendant's negligence was not a substantial factor in causing the plaintiff's injuries, the jury proceeded to award the plaintiff the sum of $250,000 for past pain and suffering. The jury did not award any damages for future pain and suffering or future lost earnings. Before discharging the jury, counsel and the court discussed the possible inconsistency in the jury's verdict and the court directed the jury to reconsider its verdict so as to clarify its liability finding. In further instructing the jury, the court advised the jurors that they needed to answer "yes" to the question of proximate cause in order to award damages, but did not make clear that they could adhere to their "no" on the question of proximate cause and not reach damages.

During its second round of deliberations, the jury sent a note to the court asking how it should proceed with respect to the interrogatories concerning damages if it again found that the defendant's negligence was not a substantial factor in causing the plaintiff's injuries. In response, the court simply advised the jury to follow the directions on the verdict sheet and did not provide any additional instructions on how to proceed with respect to the interrogatories concerning damages. The jury

rendered its second verdict, inter alia, again finding that the defendant was negligent, but this time finding that her negligence was a substantial factor in causing the plaintiff's injuries. The defendant moved to reinstate the first jury verdict in her favor and set aside the second jury verdict in favor of the plaintiff. The Supreme Court denied the motion, and the plaintiff appeals.

A trial court has broad discretion to determine whether to send a jury back for further deliberation (*see Sharrow v Dick Corp.*, 86 NY2d 54, 62 [1995]; *Soto v Famulari*, 28 AD3d 639 [2006]). Before discharging a jury, the court has the power to inquire into an imperfect or incomplete verdict or where there is substantial confusion or ambiguity in the verdict (*see Sharrow v Dick Corp.*, 86 NY2d at 60). " 'When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial' " (*Kumar v PI Assoc., LLC*, 125 AD3d 609, 610 [2015], quoting *Kelly v Greitzer*, 83 AD3d 901, 902 [2011]).

Here, the jury's first verdict was internally inconsistent when it awarded damages to the plaintiff despite finding that the defendant's negligence was not a substantial factor in causing the plaintiff's injuries (*see D'Annunzio v Ore*, 119 AD3d 512 [2014]). Thus, the Supreme Court properly directed the jury to reconsider the verdict. Notwithstanding, the record supports the conclusion that the second round of deliberations resulted in an unreliable verdict (*see Kitenberg v Gulmatico*, 143 AD3d 947 [2016]). Specifically, the court failed to provide clear instructions to the jury regarding how to proceed with respect to the interrogatories concerning damages if it again found that the defendant's negligence was not a substantial factor in causing the plaintiff's injuries. This failure may have induced the jury to decide, out of confusion or frustration, to simply forgo the issue altogether by finding that the defendant's negligence was a substantial factor in causing the plaintiff's injuries. Moreover, the court's response to the jury note to simply follow the instructions on the new verdict sheet was inadequate. " 'Even after reconsideration by the jury, a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors' " (*Kelly v Greitzer*, 83 AD3d at 902, quoting *Palmer v Walters*, 29 AD3d 552, 553 [2006]; *see Roberts v County of Westchester*, 278 AD2d 216, 217 [2000]). Under these circumstances, the court should have granted that branch of the defendant's motion which was to set aside the second jury verdict and directed a new trial (*see Ledogar v Forbes*, 84 AD3d 749 [2011]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.