Torres v City of New York (2020 NY Slip Op 00170)





Torres v City of New York


2020 NY Slip Op 00170


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-07325
 (Index No. 11253/03)

[*1]Joaquim Torres, et al., appellants, 
v
City of New York, et al., respondents, et al., defendants (and a third-party action).


Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Claudio DeBellis and Matthew G. White of counsel), for appellants.
Brody & Branch, LLP, New York, NY (Mary Ellen O'Brien of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated May 13, 2016. The judgment, upon a jury verdict in favor of the defendants on the issue of liability and upon the denial of the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the verdict, is in favor of the defendants and against the plaintiffs, in effect, dismissing the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict is granted, the cause of action alleging a violation of Labor Law § 241(6) is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial.
The plaintiff Joaquim Torres (hereinafter the injured plaintiff) sustained personal injuries while working as a member of an excavation crew on the installation of sewer lines along a street in Staten Island. The defendants City of New York and City of New York Department of Design and Construction (hereinafter together the City defendants) had hired the injured plaintiff's employer to perform the work on the project. The injured plaintiff, who was inside a steel trench box located approximately 10 feet below grade level, was signaling to the operator of an excavator when his right hand was crushed against the inside of the steel trench box by the bucket of the excavator. The injured plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action against, among others, the City defendants alleging, inter alia, a violation of Labor Law § 241(6). That cause of action was premised upon an alleged violation of Industrial Code (12 NYCRR) 23-4.2(k), which provides, in relevant part, that "[p]ersons shall not be . . . permitted to work in any area where they may be struck . . . by any excavation equipment."
A jury trial was held on the issue of the City defendants' liability. During deliberations, the jury sent a note to the Supreme Court requesting, inter alia, a written copy of Labor Law § 241(6). The court denied that request and, instead, repeated its charge on the law. The plaintiffs' attorney subsequently advised the court that it erred in its charge to the jury by omitting [*2]a portion of the Pattern Jury Instructions charge (see PJI 2:216A), and requested a curative instruction. In particular, the court did not instruct the jury that in order to return a verdict in favor of the plaintiffs and against the City defendants on the issue of liability, it must find that "the failure to use reasonable care was a substantial factor" in causing the injured plaintiff's injuries. The court denied the request.
The jury returned a verdict finding that the City defendants violated Industrial Code (12 NYCRR) 23-4.2(k), but that the violation was not a substantial factor in causing the accident. Although the instructions on the verdict sheet directed the jury to end its deliberations if it found that the violation of Industrial Code (12 NYCRR) 23-4.2(k) was not a substantial factor in causing the accident, the jury further found that the injured plaintiff was negligent and that his negligence was a substantial factor in causing the accident. The jury then proceeded to apportion fault 25% to the City defendants and 75% to the injured plaintiff. After the Supreme Court instructed the jurors to reconsider its verdict, the jury returned a second verdict which was identical to the first verdict, except that the jurors did not answer the questions as to the injured plaintiff's negligence and apportionment of fault. The plaintiffs then moved pursuant to CPLR 4404(a) to set aside the jury verdict, which was denied. The court subsequently issued a judgment dated May 13, 2016, in favor of the City defendants and against the plaintiffs, in effect, dismissing the cause of action alleging a violation of Labor Law § 241(6).
"When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial" (D'Annunzio v Ore, 119 AD3d 512 [internal quotation marks omitted]; see CPLR 4111[c]; Magee v Cumberland Farms, Inc., 145 AD3d 769, 771; Kelly v Greitzer, 83 AD3d 901, 902). "On reconsideration, the jury [is] free to substantively alter its original statement so as to conform to its real intention, and [is] not bound by the terms of its original verdict inasmuch as that verdict was not entered by the court" (Kelly v Greitzer, 83 AD3d at 902 [internal quotation marks omitted]). "Even after reconsideration by the jury, a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors" (Cleveland v Djeu, 152 AD3d 483, 485 [internal quotation marks omitted]). "A new trial should be granted where . . . the record demonstrates substantial confusion among the jurors in reaching a verdict" (Kelly v Greitzer, 83 AD3d at 902 [internal quotation marks omitted]).
Here, since the jury's initial verdict was internally inconsistent, we agree with the Supreme Court's determination to direct the jury to reconsider its verdict. Nevertheless, the record supports the conclusion that the second verdict, although internally consistent, was unreliable and the product of substantial juror confusion (see Cleveland v Djeu, 152 AD3d at 485; cf. Sabarese v Board of Educ. of the Tuxedo Union Free Sch. Dist., 151 AD3d 776, 777-778; Kelly v Greitzer, 83 AD3d at 903). After the jury returned its initial verdict, the court simply advised the jury to follow the directions on the verdict sheet. The court should have reinstructed the jury on the concept of comparative fault and the meaning of the term "substantial factor," especially in light of the fact that its prior charge "incompletely convey[ed] the germane legal principles to be applied" (J.R. Loftus, Inc. v White, 85 NY2d 874, 876). Accordingly, we reverse the judgment and order a new trial.
We note that the plaintiffs are correct that the Supreme Court should not have instructed the jury that it was the City defendants' contention that Industrial Code (12 NYCRR) 23-4.2(k) "does not apply in this case because the [injured] plaintiff, a member of the excavator crew' as that term is defined in 12 NYCRR 23-9.5(c) was authorized to be within the range of the moving excavating bucket." This Court, in connection with a prior appeal in this case, rejected that contention, stating that "a person authorized pursuant to 12 NYCRR 23-9.5 to . . . be within the range of an excavator's bucket may, contrary to the City defendants' contention, still claim the protections provided by 12 NYCRR 23-4.2(k)" (Torres v City of New York, 127 AD3d 1163, 1166; see Cunha v Crossroads II, 131 AD3d 440, 441). Upon the new trial, the court should refrain from so instructing the jury.
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court