Sattar v City of New York (2022 NY Slip Op 00205)





Sattar v City of New York


2022 NY Slip Op 00205


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-05857
 (Index No. 505143/16)

[*1]Abida Sattar, appellant,
v
City of New York, respondent.


Burns & Harris, New York, NY (Jason Steinberg and Judith F. Stempler of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Aaron M. Bloom and Zachary S. Shapiro of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Robin K. Sheares, J.), entered March 8, 2019. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the City of New York to recover damages for personal injuries she allegedly sustained when she fell after stepping into a pothole in the street. At trial, the City argued that the plaintiff's fall was caused by a slip on a wet roadway condition due to drizzling rain, rather than as a result of the pothole. A jury rendered a verdict in favor of the City on the issue of liability, and the plaintiff appeals from the resulting judgment, which is in favor of the City and against the plaintiff dismissing the complaint.
The plaintiff contends that, at trial, the Supreme Court improperly declined to admit into evidence certain photographs of the defect in the roadway. "In order to admit the photographs proffered at trial into evidence, the plaintiff was required to authenticate them by laying a proper foundation, which generally requires proof that the photographs were taken close in time to the accident and fairly and accurately represent the conditions as they existed on the date of the accident" (Davidow v CSC Holdings, Inc., 156 AD3d 682, 682; see Saporito v City of New York, 14 NY2d 474, 476). The plaintiff was unable to authenticate the photographs at issue because, while she testified that they fairly and accurately depicted the area where she fell, she did not know when they were taken. However, the court erred in declining to allow the plaintiff to call the photographer as a witness to enable the plaintiff to make the evidentiary showing necessary to authenticate the photographs (see People v Byrnes, 33 NY2d 343, 347; Sargente v Mobarakai, 129 AD3d 818, 819). Nevertheless, since other photographs of the alleged defect were admitted into evidence, and the jury found that there was a defect in the roadway where the plaintiff claimed to have fallen, we find that the court's error in declining to allow the photographer to testify was harmless, as there was no indication that admission of the photographs into evidence would have had substantial influence on the result of the trial (see Geary v Church of St. Thomas Aquinas, 98 AD3d 646, 647).
We reject the plaintiff's contentions that the judgment should be reversed based on certain improper statements made by the City's attorney during summation, as the plaintiff's objections thereto were sustained, and the plaintiff did not seek curative instructions or a mistrial based on the statements (see Kleiber v Fichtel, 172 AD3d 1048, 1051-1052). Moreover, when viewed in the context of the entire trial, the improper statements were not pervasive or prejudicial, or so inflammatory as to have deprived the plaintiff of a fair trial (see Farias-Alvarez v Interim Healthcare of Greater N.Y., 166 AD3d 945, 947).
At the conclusion of the trial, the jury returned its verdict determining, as reflected on a verdict sheet, that the City had prior written notice of a defect and separately exhibited written acknowledgment of the same, and that the City was negligent, but such negligence was not a substantial factor in causing the plaintiff's accident. The jury then apportioned 100% fault to the City. In reviewing the jury's verdict, the Supreme Court acknowledged that it was internally inconsistent and attributed that error to erroneous instructions on the verdict sheet following the substantial factor question. The court then instructed the jury to reconsider its verdict in accordance with a corrected verdict sheet (see e.g. Torres v City of New York, 179 AD3d 732, 734). A trial court has broad discretion in determining whether to send the jury back for further deliberations (see Sharrow v Dick Corp., 86 NY2d 54, 62; Scarpati v Kim, 124 AD3d 866, 867; Soto v Famulari, 28 AD3d 639, 641), but when the jury's verdict is internally inconsistent, the trial court must order either reconsideration by the jury or a new trial (see Li v Moon, 177 AD3d 655, 656). Here, since the jury's initial verdict was internally inconsistent, the court properly directed the jury to reconsider its verdict.
Thereafter, the jury returned a verdict finding the City negligent, but that its negligence was not a substantial factor in causing the accident, and the jury did not apportion any fault to the City in adherence to the verdict sheet's corrected instructions. The Supreme Court properly accepted the jury's reconsidered verdict, as there is no indication that the responses to the questions on that verdict sheet were unreliable, the result of substantial confusion among the jurors, or did not conform to the jury's real intention (see Sabarese v Board of Educ. of the Tuxedo Union Free Sch. Dist., 151 AD3d 776, 778).
Finally, contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. A jury's finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and contrary to the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (see Coma v City of New York, 97 AD3d 715, 715-716). Here, the jury could have concluded that the City negligently failed to repair the pothole, but that, as contended by the City, the accident was caused by the plaintiff slipping on the wet road, as opposed to stepping into the pothole. Since the finding that the City was negligent for failing to repair the pothole can be reconciled with the finding that the City's negligence was not a substantial factor in causing the accident, the jury is, therefore, presumed to have adopted that view of the evidence (see Lopez v Hage, 127 AD3d 824, 825-826; Dhanessur v Bugia, Inc., 4 AD3d 499, 500).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court