Edwards v Genting N.Y., LLC
2026 NY Slip Op 03945
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lebert Edwards, appellant,
v
Genting New York, LLC, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-08851, (Index No. 504297/16)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

O. Benjamin Okeke, Brooklyn, NY, for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Judy C. Selmeci and Julia Audibert of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated May 15, 2024. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of the plaintiff's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On February 23, 2015, the plaintiff allegedly sustained injuries when he slipped and fell on snow and black ice in a parking lot at premises owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendant was liable because it negligently maintained its premises. The action proceeded to a jury trial on the issue of liability. At trial, the plaintiff, inter alia, testified that the sheet of snow and ice that he slipped on was four to six feet wide but acknowledged that the ice was not clearly visible in the photo exhibits and that he did not see it before he fell.
At the conclusion of the trial, the jury found that, although an unsafe condition was present, the defendant was not negligent and returned a verdict in favor of the defendant. The plaintiff thereafter moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the plaintiff's motion. A judgment was thereafter entered, upon the verdict, and upon the denial of the plaintiff's motion, in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
In order for a landowner to be liable in tort to a plaintiff for a slip-and-fall accident involving snow and ice on the landowner's property, it must be established that the landowner created the condition or had actual or constructive notice of its existence (see Venza v Catholic Charities of the Diocese of Rockville Ctr., 235 AD3d 804, 806; Bristol v Biser, 230 AD3d 1098, 1099). "A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable [*2]opportunity to discover and remedy it" (Fortune v Western Beef, Inc., 178 AD3d 671, 672; see Smilovich v City of New York, 241 AD3d 585, 586).
The plaintiff's challenge to the legal sufficiency of the evidence is not preserved for appellate review (see Volino v Long Is. R.R. Co., 83 AD3d 693, 694; Fowler v Jamaica Bus, 62 AD3d 943, 943).
"A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Thompson v Northwell Health, Inc., 234 AD3d 1006, 1007 [alteration and internal quotation marks omitted]; see Lawrence v New York Methodist Hosp., 232 AD3d 693, 695). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Thompson v Northwell Health, Inc., 234 AD3d at 1007 [internal quotation marks omitted]; see Lawrence v New York Methodist Hosp., 232 AD3d at 695).
Here, the jury concluded that while the snow and ice was an unsafe condition on the premises, the defendant was not negligent in creating the unsafe condition. Contrary to the plaintiff's contention, the jury's verdict that the defendant was not negligent in creating the unsafe condition was supported by a fair interpretation of the trial evidence and not contrary to the weight of the evidence (see Heller v City of New York, 218 AD3d 552, 553; Baillargeon v Kings County Waterproofing Corp., 180 AD3d 635, 636). Moreover, contrary to the plaintiff's contention, the defendant's general awareness that icy conditions may have been present is not enough to provide actual or constructive notice to the defendant of the condition (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 968; Gomez v NA Broadway Realty, LLC, 242 AD3d 1064).
The plaintiff's challenges to the jury charge and the verdict sheet are unpreserved for appellate review (see Barrett v New York City Tr. Auth., 176 AD3d 909, 911-912; Jing Xue Jiang v Dollar Rent a Car, Inc., 91 AD3d 603, 604).
Contrary to the defendant's contention, the plaintiff's contentions that the jury verdict was internally inconsistent and a product of substantial confusion are sufficiently preserved for appellate review (see Kelly v Greitzer, 83 AD3d 901, 902).
"When a jury's verdict is internally inconsistent, the trial court must direct either reconsideration by the jury or a new trial" (Torres v City of New York, 179 AD3d 732, 733 [internal quotation marks omitted]; see Cleveland v Djeu, 152 AD3d 483, 485). "Even after reconsideration by the jury, a trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors" (Torres v City of New York, 179 AD3d at 733-734 [internal quotation marks omitted]; see Cleveland v Djeu, 152 AD3d at 485). "The confusion must be apparent from the trial record" (Guaman v One Whitehall, L.P., 210 AD3d 1060, 1061 [internal quotation marks omitted]; see Wright v City of New York, 168 AD3d 1025, 1026).
Here, the jury verdict was internally consistent. The jury could have concluded that there was snow and ice in the parking lot but that the defendant did not negligently create the condition and did not have actual or constructive notice of it (see Li v Moon, 177 AD3d 655, 656; see generally Sattar v City of New York, 201 AD3d 756, 758-759). There is no evidence in the record that the verdict was clearly the product of substantial confusion among the jurors (see Li v Moon, 177 AD3d at 656; see generally Sabarese v Board of Educ. of the Tuxedo Union Free Sch. Dist., 151 AD3d 776, 778; Kelly v Greitzer, 83 AD3d at 902-903).
The plaintiff's remaining contention is without merit.
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court